Nat. Fire Proofing Co. *v.* Imperishable Silo Co.—63 Ind. App. 183.

A new trial is ordered, with instructions to the trial court to sustain the exceptions to the final report of the administrator with respect to the matters herein stated, and for further proceedings consistent with this opinion. Judgment reversed.

NOTE.—Reported in 111 N. E. 336. See under (1, 2) 21 Cyc 287, 296; (4) 21 Cyc 1296.

---

## NATIONAL FIRE PROOFING COMPANY *v.* IMPERISHABLE SILO COMPANY.

[No. 8,994. Filed April 27, 1916. Rehearing denied June 28, 1916. Transfer denied November 28, 1916.]

1.  CONTRACTS.—*Construction.— Parol Evidence.— Ambiguity.—* Unless the court can say from a consideration of the entire contract that a clause contained therein is ambiguous, resort can not be had to extrinsic facts to determine its meaning. p. 189.

2.  PATENTS.—*License Contract.—Construction.—*A contract licensing the defendant to manufacture and sell patented silos and silo blocks in accordance with the stipulations therein set forth and providing for the payment to plaintiff of a royalty of five per cent. on the gross sales of silos by the licensee, is held to mean, when the contract is construed as an entirety, that there could be a recovery of five per cent. of the proceeds of the sales of patented silos only, even though a clause of the contract provided that defendant was obligated to pay the stipulated royalty on the sales of "all vitrified block silos," since the general subject-matter of the contract, and of the recitals therein, was the patented silo blocks alone. pp. 189, 190.

3.  CONTRACTS.—*Construction.—*When a contract is to be interpreted or when the effect of some separate provision thereof is involved, separate clauses and provisions will not be considered apart from the general context or apart from connected clauses, but the meaning of the entire contract and of each of its clauses will be determined from all the language used, and the parties will be held to have intended that meaning to each clause which makes the whole contract consistent, and which is reasonable in view of all the terms employed. p. 189.

From the Wells Circuit Court; *William H. Eichhorn,* Judge.

184　APPELLATE COURT OF INDIANA,

Nat. Fire Proofing Co. *v.* Imperishable Silo Co.—63 Ind. App. 183.

Action by the Imperishable Silo Company against the National Fire Proofing Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Leonard, Rose & Zollars* and *Simmons & Dailey,* for appellant.

*C. K. Lucas, Lesh & Lesh, C. W. Watkins* and *E. C. Vaughn,* for appellee.

IBACH, C. J.—This is an action to recover royalties. The contract under which the controversy arose, omitting the usual preliminary language found in such instruments, recites that certain letters patent had been issued by the United States government to Oliver Brumbaugh covering silo blocks and a method of constructing vitrified tile silos, and such letters patent being still in force, said Brumbaugh sold them to Eugene H. Baker in the year 1910, prior to the time of the organization of appellee company, except that said Brumbaugh reserved to himself all rights under the patents in certain localities. The said contract continues:

"Whereas, the said party of the first part (appellee) has an organization which has been selling vitrified silos and silo blocks made under the above described letters patent and has done a large amount of advertising which should result in large sales of silos in the future; and

"Whereas, The party of the second part (appellant) desires to *make and sell, or cause to be made and sold the silos and silo blocks described in said letters patent* (our italics) and now quite generally known as Imperishable Silos and Imperishable Silo Blocks and Clamps; and

"Whereas, The party of the second part desires to avail itself of the sales organization of said party of the first part and of the advertising done by said party of the first part,

"Now, therefore, these presents witnesseth,

"First. That said party of the first part, for and in consideration of the covenants and agreements hereinafter set forth and mentioned to be performed by the party of the second part, hereby gives and grants unto

NOVEMBER TERM, 1916.        185

Nat. Fire Proofing Co. *v.* Imperishable Silo Co.—63 Ind. App. 183.

said party of the second part, the exclusive right now owned under said letters patent by the party of the first part, except as hereinafter provided, to manufacture and sell the said patented silos and silo blocks and clamps incident thereto and a part thereof.

"Second. The said party of the first part further undertakes and agrees that any improvements in silo blocks or silo construction, whether patented or not, the said party of the first part shall invent or devise, or become possessed of, shall be for the exclusive use of the said party of the second part, so long as this agreement shall continue in full force and effect.

"Third. The said party of the first part hereby agrees to sell, assign, transfer and set over unto the said party of the second part, all its office equipment, including the names of prospective purchasers of silos, acquired by correspondence, at the fairs, or otherwise, testimonials, cuts, engravings, miniature blocks, and other matter used for advertising purposes, the dies owned by said party of the first part used in manufacturing regular or miniature blocks, stock of doors, roof frames and iron now owned by the said party of the first part, and the silos erected on fair grounds for advertising purposes.

"The said party of the second part in consideration of the above exclusive license and the sale and transfer of the property hereinbefore referred to, hereby agrees as follows:—

"(a) The party of the second part agrees to utilize at once and to maintain during the life of the above mentioned patents, at its own expense, an efficient selling organization for the purpose of diligently pushing the sales of the so-called Imperishable Silos and Blocks, and that during that period it will make every reasonable effort to manufacture the number of silos that can or may be sold by the said selling organization, it being understood that the said party of the second part, during the life of this contract, will manufacture and keep in stock at its plants where proper silo blocks can be made, ready for delivery in seasonable time, that is, between January 1st and August 15th of each year, a sufficient number of blocks that can or may be sold by the selling organization, in order that the supply shall equal the demand.

"(b) The said party of the second part hereby agrees to retain or employ Eugene Baker, now or recently of Huntington, in the State of Indiana, to be the general

186   APPELLATE COURT OF INDIANA,

Nat. Fire Proofing Co. *v.* Imperishable Silo Co.—63 Ind. App. 183.

manager of what shall be known as the 'Agricultural Department' of the National Fire Proofing Company, the party of the second part hereto, for a period of at least three years.

"(c) The said party of the second part hereby further agrees that during the life of this contract it will not assign or license to any other person or corporation whatsoever any of the rights herein conveyed, without making provision, to be approved in writing by the said party of the first part, whereby the latter may have accurate knowledge of all the sales made during each quarter year by any sub-licensee under said letters patent, and that the party of the second part further agrees that it will guarantee unto the party of the first part the payment in lawful money of the United States, of five per centum of the gross sales of silos by any and all sub-licensees under the above mentioned letters patent.

"(d) Said party of the second part hereby further covenants and agrees that it will keep, or cause to be kept books of account in which complete entries of all sales of *vitrified block silos or silo blocks manufactured or sold* by the said party of the second part, or its agents, and that the said books shall at all reasonable times be open to the inspection of an authorized representative of the party of the first part, or its duly appointed attorney; that the said party of the first part by its authorized attorneys, shall have the right to examine any and all of the books of account of the said party of the second part, containing any items, charges, memoranda or information relating to the manufacture or sale of said silos or blocks, and the party of the second part agrees that it will make and transmit to the party of the first part, full and true returns of the *gross sales of vitrified silos and blocks* made in the territory covered by the aforesaid patents, within fifteen days after the end of each quarter year.

"(e) The said party of the second part hereby further agrees that within fifteen days after the first day of January, April, July and October of each and every year during the life of this contract, it will pay or cause to be paid to the said party of the first part at its principal office in Huntington in the State of Indiana, five per centum of the gross sales of all *vitrified block silos* sold and shipped by it during the previous three months, in the territory covered by the license, or upon any silos manufactured by it in the state of Ohio and

NOVEMBER TERM, 1916. 187

Nat. Fire Proofing Co. *v.* Imperishable Silo Co.—63 Ind. App. 183.

that part of the commonwealth of Pennsylvania lying west of the second degree of longitude west of Washington City, and which shall be sold in any part of the United States outside of the State of Ohio, and that part of Pennsylvania aforesaid, the term 'gross sales' to be interpreted to mean the price received for the price of the silos as shown by the orders or contracts given by the purchasers of silos, less the cost of freight incurred in the delivery thereof to the purchaser at the railway station; and it is further understood and agreed that where the term 'gross sales' appears in any part of this agreement, the interpretation as set forth in this clause of this contract shall prevail.

"(f) The said party of the second part hereby further agrees to pay or cause to be paid unto the said party of the first part, the amount of the cost of the equipment, cuts, miniature blocks, dies, doors, lumber and iron mentioned in this contract, which payment shall be made within thirty days after the date of this contract, by a representative of the said party of the second part.

"It is further understood and agreed by and between the parties hereto and the said party of the first part hereby covenants with the said party of the second part, that it has full rights to make the said license and sale in the manner and form as above written, and that the letters patent herein mentioned are free from all prior assessments, grants, mortgages or other incumbrances whatsoever, except as herein stated, and it is understood and agreed by the parties hereto that in the event that any person, company or corporation shall be guilty of an infringement of said letters patent herein referred to, or any improvements in connection therewith, the said party of the second part shall forthwith, upon receiving a notice of any such infringement, notify the said infringers of such infringement and proceed forthwith to protect the invention or inventions covered by said letters patent in any court or courts it may deem proper or see fit, at its own expense.

"It is further understood and agreed by and between the parties hereto that the said party of the second part will not at any time dispute the validity of the above mentioned patents, nor allege their invalidity as a cause for refusing to make any payments under this contract, and that it will during the existence of this license cooperate with the party of the first part in establishing as far as possible the integrity of such letters patent:

188    APPELLATE COURT OF INDIANA,

Nat. Fire Proofing Co. v. Imperishable Silo Co.—63 Ind. App. 183.

Provided, however, that if at any time during the life of this contract the said letters patent be infringed to the extent that more than one hundred silos shall be manufactured in any one year by persons or companies not licensees by either of the parties to this agreement, and proceedings at law shall have shown that it is impossible to protect the party of the second part in the exclusive rights herein granted, then any and all payments of the *license or royalty* fee as herein stipulated shall cease and determine.

"It is further understood and agreed by and between the parties hereto that in the event other silos shall be manufactured and placed upon the market by any person, company or corporation other than the said party of the second part, not actually infringing on the invention or inventions covered by the letters patent hereinbefore mentioned, or any improvement thereof, but rendering the sale of silos, or the manufacture of silo blocks and clamps under said letters patent financially impossible by reason of the royalty or license fee herein agreed to be paid by the party of the second part unto the party of the first part, then the so-called royalty of five per centum as hereinbefore stipulated shall be decreased and any reduction therein shall be referred to a board of arbitration to consist of three persons, one to be selected by the party of the first part, another to be selected by the party of the second part, and the two so chosen to select the third member of said board, and a majority of the board of arbitration so selected shall decide in the premises.

"It is further understood and agreed by and between the parties hereto that any and all matters of dispute arising under this contract shall be decided by a board of arbitration to consist of three persons, one of which shall be selected by the party of the first part, one by the party of the second part, and the third member thereof to be chosen by the two so selected.

"In Witness Whereof, The said parties have hereunto affixed their respective common corporate seals, duly attested by their respective officers, the day and year first above written.

(Seal) Imperishable Silo Company

By Eugene H. Baker, Pres.

Attest:—F. B. Bash, Sec.

(Seal) National Fire Proofing Company.

W. L. Henry, President.

Attest:—C. S. Jones, Sec."

The outstanding question in this case is whether the provisions of clause ''e'' of article third of the contract, by which appellant has obligated itself to pay five per cent. royalty on ''all vitrified block silos'' sold by it, expresses a definite meaning when read in connection with all the other provisions of the contract together with its recitals. Does it mean that the royalty provided for covers sales made of silos manufactured under the Brumbaugh patents alone, or, when so considered, is it an ambiguous contract and one of such doubtful meaning as to require the aid of extrinsic facts to ascertain the intention of the parties? If there is ambiguity, it is a patent one, and it is for the court to say as a matter of law, whether it exists. Unless the court can say from a consideration of the entire contract that the above mentioned clause is ambiguous, other extrinsic facts are not a proper subject of inquiry, because, if unambiguous, the language of the contract itself is' the only medium through which the court may ascertain its true meaning. *Vandalia Coal Co.* v. *Underwood* (1913), 55 Ind. App. 91, 101 N. E. 1047, 1049; *Sargeant* v. *Leach* (1910), 47 Ind. App. 318, 321, 94 N. E. 579; Elliott, Contracts §§1506-1510. When all the provisions of this contract, together with its recitals are considered together, it was the duty as well as the sole province of the court to interpret it, for it is apparent that the provision refers to silos manufactured under the Brumbaugh patent and none other. It is a familiar principle that when a contract is to be considered or when some separate provision thereof is involved, separate clauses and provisions will not be considered apart from the general context or apart from connected clauses, but the meaning of the entire contract and of each of its clauses will be determined from all the language used, and the parties will be held to have intended that meaning to each clause which makes the whole contract consistent, and which is reasonable in view of all the

terms employed. *Nave v. Powell* (1912), 52 Ind. App. 496, 96 N. E. 395, and cases there cited. Applying these principles to the present case, we are satisfied that the subject under consideration and which the parties expressed in their final written agreement was the Brumbaugh patent silo block, silos constructed therewith and the purchase of the tangible property described in such contract. Consequently clause "e" must be held to refer to silos manufactured under such patent. Reference to the several general recitals which precede the contractual provisions necessarily leads to this conclusion. It is recited that Brumbaugh obtained the patents; that appellee acquired them from him, and by it appellant was granted the exclusive right to manufacture the silos and blocks, in *pursuance of the patents;* that appellee had a sales organization engaged in selling Brumbaugh silos; that they had been generally advertised, and that appellant desired to make and sell silos and silo blocks described in said letters patent; and, to avail itself of such selling organization and the advertising done by it, that appellant was to maintain *during the life of the patent* an effective sales organization for the purpose of selling the *Brumbaugh patent silo.*

The recitals in clause "c," which have to do with the payment of royalties in case appellant licensed any other person to manufacture silos and silo blocks *in conformity with the patent above referred to,* clause "d" which provided for the keeping of accurate accounts of all silos and silo blocks made and sold, and, *immediately following* thereafter, clause "e," which provided for the payment of five per. cent. royalty on the gross sales of silos and silo blocks, clause "f," covenanting that appellee had authority to license appellant to make such silos *under said patent,* and if said patent is infringed to the extent mentioned, then "all payments of the license or royalty fee as herein stipulated shall cease and determine," also indicate that the parties were negotiating with reference to the Brumbaugh

patent. When consideration is given to each provision of the contract in the light of all its other provisions, at the same time bearing in mind that it is in clause "e" where reference is made to the payment of "license fees or royalties," and that these terms are there frequently used in connection with silos manufactured under the Brumbaugh patents and none other, it seems to us that we would be doing violence to the contract to hold that its provisions required the payment of license fees or royalties upon sales of other silos than those manufactured under the Brumbaugh patent. The effect of such a holding would be the making for the parties a different contract from that which they had made for themselves.

It is sufficient to state also that there is no averment in either paragraph of the complaint to show that the purchase price of the tangible property mentioned in the contract remained unpaid, or that sales of silos manufactured under the Brumbaugh patent had been made and that royalties were due appellee. Neither is there an allegation in either paragraph of the complaint based on the theory of fraud in procuring the alleged contract, thereby eliminating appellee from the field of silo manufacturing to appellant's advantage, so that it might be inferred that with this purpose in mind the contract provided for the payment of fees and royalties upon all silos sold by appellant, whether manufactured under the Brumbaugh patent or otherwise. And there is no averment in either paragraph of the complaint which could make it sufficient upon the theory that the parties, by their own conduct, had placed a different construction on the contract; and no other facts are averred which would authorize a holding different from the one here announced.

Other errors assigned by appellant need not be considered in view of the conclusion we have reached on the main question. As to them, it is sufficient to say that the fundamental error we have discussed is to be seen throughout the whole

case.    The separate demurrers to each paragraph of the complaint should have been sustained.    Judgment reversed.

NOTE.—Reported in 112 N. E. 403. Contracts, oral evidence to explain ambiguity, when proper, 122 Am. St. 546. See under (1) 17 Cyc 666; (2) 30 Cyc 956; (3) 9 Cyc 579.