## FENN ET AL. v. AMERICAN RATTAN AND REED MANUFACTURING COMPANY.

### [No. 10,739.    Filed March 11, 1921.]

1. PLEADING. — *Error in Sustaining Demurrer.* — *Waiver by Amendment.*—The filing of an amended pleading, when a demurrer has been sustained to the original, is a waiver of any error in the ruling on demurrer.  p. 148.

2. PLEADING.—*Pleading Unambiguous Written Instruments.— Averments as to Meaning.* — *Striking Out.* — Where letters pleaded as constituting a contract were unambiguous, it was proper to strike out averments as to the meaning, intention and belief of the parties.  p. 148.

3. CONTRACTS.—*Construction.—Intention.—Unambiguous Letters Constituting Contract.*—Where letters constituting a contract are clear and unambiguous they are as therein expressed conclusive, in the absence of mistake, as to the meaning of the parties, the question being not what intention existed in their minds but what intention was expressed in the language used.  p. 148.

4. SALES.—*Sales Contract.—Acceptance of Order.—Sufficiency.* —A seller's reply to a letter ordering certain goods that it "cannot make promises as to delivery.   *   *   *   if you will let this lay in abeyance until the latter part of January we will be in a better position to advise what we will be able to do for you in reference to this order," was not an acceptance of the order.  p. 149.

From Perry Circuit Court; *Fred A. Heuring,* Judge.

Action by the American Rattan and Reed Manufacturing Company against Albert P. Fenn and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Herbert J. Patrick* and *William E. Cox,* for appellants.

*Cody & Corbin,* for appellee.

NICHOLS, J.—This is an action by appellee, a corporation of the State of New York against appellants, to recover the sum of $2,324.99, alleged to be owing by appellants to appellee on account.

There was no answer controverting the allegations of the complaint, but appellants filed a cross-complaint, and, upon demurrer being sustained thereto, thereafter filed an amended cross-complaint, claiming damages in the sum of $2,999.99 by way of set-off against such amount as might be recovered by appellee upon his complaint. This amended cross-complaint is based upon an alleged contract expressed by three letters passing between appellants and appellee, the first dated December 21, 1915, so far as concerns this case, contains the following:

"We would kindly ask you to enter our order for three more cars of this cane at $20.00 per bale of 100,000 feet, for shipment in January, February and March, and would thank you to acknowledge receipt of this letter."

The second dated December 24, 1915, answers:

"We note that you wish us to enter an additional order for three more cars for shipment January, February and March which we are perfectly willing to do, but cannot make promises as to delivery. In fact, if you will let this lay in abeyance until the latter part of January we will be in a better position to advise what we will be able to do for you in reference to this order."

The third, dated December 28, 1915, replies:

"Please remember that besides the above two cars (referring to a previous and different order) we have ordered from you three additional cars of No. 1 cane as evidenced in your acknowledgment of December 24, shipping date to be given us the latter part of January, and our desire being for shipment of these cars in January, February and March. Please do the best you can for us in all these matters, and let us have definite information as soon as you possibly can, and as stated before, shipment of the first two cars at your earliest possible moment."

The cross-complaint in addition to setting out the let-

ters aforesaid avers the meanings, intentions and beliefs of both parties, the usages and customs, and various other circumstances as interpretive of the alleged written contract. There was a motion to strike out these averments as to meanings, intentions, etc., which was sustained. Thereupon the appellee demurred to the amended cross-complaint which demurrer was sustained; and, appellants failing and refusing to plead further, judgment was rendered in favor of appellees in the sum of $2,392.31 and costs. From this judgment, this appeal.

Appellants assign as error the action of the court: (1) In sustaining the demurrer of appellee to appellants' original cross-complaint; (2) in sustaining appellee's motion to strike out the respective parts of the amended cross-complaint as to the meanings, intentions and beliefs of the parties; (3) in sustaining appellee's demurrer to the amended cross-complaint. The first error assigned was waived by appellants when they filed their amended cross-complaint. It is the rule that the filing of an amended pleading, when the demurrer has been sustained to the original, is a waiver of any error in the ruling on demurrer. 8 Ind. Digest, Pleading §417; *White* v. *Garretson* (1870), 34 Ind. 514; *Dorsett* v. *City of Greencastle* (1895), 141 Ind. 38, 40 N. E. 131.

There was no error in sustaining the motion to strike out the averments of the cross-complaint as to the meanings, intentions and beliefs of the parties. The meaning of the letters is clear and unambiguous. It is a well-settled rule of law that where averments of a written instrument are unambiguous they are as therein expressed conclusive in the absence of any averment of mistake, the question being not what intention existed in the mind of the parties but what intention is expressed in the language

used. *Sargeant* v. *Leach* (1911), 47 Ind. App. 318, 94 N. E. 579; *Reed* v. *Lewis* (1881), 74 Ind. 433, 439, 39 Am. Rep. 88; *Ault* v. *Clark* (1916), 62 Ind. App. 55, 112 N. E. 843; *Robbins* v. *Brazil, etc., Co.* (1917), 63 Ind. App. 455, 114 N. E. 707.

There was no error in sustaining the demurrer to the cross-complaint.

The correspondence does not show a contract between the parties. Appellee expressly stated in its letter answering appellants' letter of December 21, 1915, that if appellants would let the matter lie in abeyance until the latter part of January, appellee would be in a better position to advise what it would be able to do with reference to the order. Abeyance is defined by Webster as a condition of being undetermined. It is clear that there was no acceptance of the order, nor was there any modification by appellee of the appellants' order, which was afterward accepted by appellants. No other question being presented, the judgment is affirmed.