HALLER *v.* SHERIDAN.

DOGS.—TOWN ORDINANCE.—A town ordinance requiring the owners of dogs to keep them upon their own premises, or to muzzle them securely, in order to guard against hydrophobia, and requiring the town marshal to kill all dogs found running at large in violation of the ordinance, is a valid exercise of the police power given by the statute to the trustees of towns.

APPEAL from the *Fountain* Circuit Court.

RAY, J.—This was an action for the value of a dog which it is alleged the appellant killed. The answer was in two paragraphs: 1. The general denial. 2. That the defendant was marshal of the town of *Attica*, and that the trustees of said town had required all the owners of dogs within said town to muzzle them securely, or keep them upon their own premises, and had directed the said marshal to kill all dogs found running at large in violation of the ordinance. The fourth section of the ordinance recites, that "whereas many rabid dogs are reported to be running at large in the country adjacent to the town of *Attica*, it is declared that an emergency exists for the immediate taking effect of the ordinance." It was averred that the dog was at large, unmuzzled, in said town, and was killed by said marshal in discharge of his duty. A demurrer to the second paragraph of the answer was overruled, and a trial was had resulting in a finding for the defendant.

The 22d section of the act for the incorporation of towns, (1 G. & H. 624,) provides that the board of trustees of a town shall have power "to declare what shall constitute a nuisance, and to prevent, abate, and remove the same, and take such other measures for the preservation of the public health as they shall deem necessary."

In the case of *Mitchell* v. *Williams*, 27 Ind. 62, we held that the legislature had the power, as a police regulation, to discourage the keeping of dogs, and recognized the rule that "this police power of the State extends to the protec-

tion of the lives, limbs, health, comfort and quiet of all persons, and the protection of all property within the State." . It cannot be successfully questioned that this power may be intrusted to the local authorities of towns and cities. The ordinance seems to us but a reasonable and proper exercise of this power. It is as much within the power of the trustees, as a sanitary measure, to enforce an ordinance to prevent the spread of hydrophobia, as it would be to take proper steps to avoid the prevalence of small pox or cholera.

The appellant argues a question upon the evidence, but as no attempt has been made to furnish an abstract of the evidence, as required by our rules when error is alleged to have occurred in that portion of the record, we will not discuss the errors assigned.

The judgment is affirmed, with costs.

*M. M. Milford*, for appellant.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.