## KAUFMAN v. DOSTAL.

1. **Intoxicating Liquors**: NUISANCE: CITIZENSHIP OF PLAINTIFF: PLEADING AND PROOF. *Shear v. Green*, the last foregoing case, followed. See the first head-note in that case.

2. ——: ——: CONSTITUTIONALITY OF STATUTE. The prohibitory liquor law is not unconstitutional on the ground that it reduces the value of property previously erected and used for the manufacture and sale of liquors declared by the law to be intoxicating.

3. ——: ——: JUDGMENT IN EXCESS OF PRAYER: PRACTICE ON APPEAL: COSTS. In an action to enjoin a nuisance under the prohibitory liquor law, plaintiff alleged the unlawful selling and keeping for sale of intoxicating liquors on the premises, but did not allege the manufacture of beer on the premises, nor did he ask any relief in regard thereto. *Held* that so much of the judgment as restrained defendant from making beer on the premises was erroneous, being in excess of the relief demanded, or justified by the facts alleged; and that, as the case is triable anew in this court, the judgment must be corrected here, though no motion was made for that purpose in the court below; but that, since the defendant might, presumably, have had the error corrected below, had he moved therefor, and thus made an appeal unnecessary, he must pay the costs of the appeal.

*Appeal from Johnson Circuit Court.*

TUESDAY, MARCH 6, 1888.

ACTION in equity to restrain a nuisance. Judgment for plaintiff, and defendant appeals.

*Boal & Jackson*, for appellant.

*Remley & Remley*, for appellee.

SEEVERS, CH. J.—The petition states that plaintiff is a citizen and resident of Johnson county, and that the defendant has established, and is engaged at said county in using, keeping and maintaining, and is intending to use, keep and maintain, certain described premises, for the purpose of unlawfully selling as a beverage thereon, and of keeping with intent to sell as a beverage thereon, certain intoxicating liquors, the sale of which is prohibited by law, and that said defendant is now

Kaufman v. Dostal.

engaged in unlawfully selling, and keeping with intent to sell, such intoxicating liquors upon said premises; thereby creating and continuing a public and common nuisance. The relief asked is that the nuisance be enjoined and abated. The defendant denied the allegations of the petition, and pleaded, in substance, that the statute relied on by the plaintiff is unconstitutional.

I.   It is insisted that no evidence was introduced to show that plaintiff is a citizen of Johnson county, and that, because

1. INTOXICAT-
ING liquors:
nuisance:
citizenship of
plaintiff:
pleading and
proof.

of the failure to establish such fact, the judgment is erroneous.   It has been held, however, that a simple denial of the allegations of the petition does not put in issue the citizenship of the plaintiff.   (*Shear v. Green, ante,* 688.)

II.   The evidence clearly shows that the defendant sold beer on the premises in question, and that he was engaged in

2. ———: ———:
constitu-
tionality of
statute.

the manufacture of beer, and that the brewery had been established on said premises several years prior to the passing of the statute under which this action was commenced.   The evidence further shows that the brewery was worth, for the purposes for which it was erected, about $60,000, and that for any other purpose the brewery and real estate described in the petition is not worth more than $30,000.   The constitutionality of this statute has recently been affirmed by the supreme court of the United States in *Mugler v. State of Kansas* and *State of Kansas v. Ziebold,* 8 Sup. Ct. Rep., 273, and is no longer a debatable question.

III.   Counsel for the appellants insist, as the petition fails to allege that the defendant is engaged in the manufacture of

3. ———: ———:
judgment in
excess of
prayer: prac-
tice on ap-
peal: costs.

beer, and no relief is asked in this respect, that the decree restraining the defendant from making beer is erroneous, for the reason that the relief granted exceeds the relief asked, or which the facts stated in the petition will justify.   This position must be sustained.   Counsel for the appellee so concede, but

insist that no such question was raised below. We think this must be so, because no such relief was asked. But the case is triable anew in this court, and it is our duty to render such a judgment as the court below should have rendered. (Code § 3194.) Therefore the judgment of the circuit court should not be reversed, but must be modified; and the question is whether appellant is entitled to costs in this court. It has been frequently held that where the judgment is simply excessive, and no motion is made below to correct it, and it is modified in this court, the appellant is not entitled to costs. It seems to us this case is clearly within the rule established in such cases. Here, the relief granted exceeds the relief asked, and also exceeds the relief that could properly be granted under the prayer for general relief. Therefore it must be presumed that, if the attention of the court had been called to the error in the judgment, it would have been promptly corrected. Therefore it was unnecessary to bring the case here to obtain all that appellant is entitled to, and he is not entitled to costs in this court. The judgment of the circuit court is modified and

AFFIRMED.