## THE STATE *v.* SHARP.

[No. 21,042. Filed October 16, 1907.]

1. CONSTITUTIONAL LAW.—*Statutes.*—*Dogs.*—*Taxation of.*—The act of 1897 (Acts 1897, p. 178, §3258 *et seq.* Burns 1908), providing for the taxing of dogs, is constitutional; and its object is the restriction of the keeping of dogs. p. 133.

2. ANIMALS.—*Dogs.*—*Property.*—Ordinarily, dogs are not regarded as property. p. 133.

3. STATUTES.—*Dogs.*—*Taxation.*—*Police Power.*—Statutes for the taxation of dogs are enacted in the exercise of the police power of the State. p. 133.

4. ANIMALS.—*Dogs.*—*Taxation of.*—*Persons Liable.*—*Receipts.*—*Criminal Law.*—The owner, harborer or keeper of a dog on September 24, is guilty of a misdemeanor, under §3266 Burns 1908, Acts 1897, p. 178, §9, providing that it shall be a misdemeanor to own, keep or harbor a dog without holding a tax receipt therefor, where he became the owner of the dog on September 17, such dog being three months old on September 21. p. 133.

5. SAME.—*Dogs.*—*Receipts.*—*Transferability.*—A receipt for taxes paid upon a dog is purely personal, and cannot be transferred to a vendee so as to protect such vendee from liability for the payment of tax during the year for which such tax was paid. p. 134.

6. APPEAL.—*Criminal Law.*—*Misdemeanors.*—*Costs.*—Under §2211 Burns 1908, Acts 1905, p. 584, §325, subd. 3, the State may appeal in misdemeanor cases, on a reserved question of law, and in case such appeal is sustained, the appellee is liable for the costs thereof. p. 135.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Prosecution by the State of Indiana against William H. Sharp. From a judgment for defendant, the State appeals. *Appeal sustained.*

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White, H. M. Dowling* and *C. H. Brower,* for the State.

*McCracken & Eikenbary,* for appellee.

JORDAN, J.—Appellee was prosecuted for the commission of a misdemeanor in having violated the provisions of section nine of an act of the legislature entitled ''an act regulating the taxing of dogs for the protection of sheep,'' etc., approved March 6, 1897 (Acts 1897, p. 178, §3258 *et seq.* Burns 1908). There was a trial by jury and a verdict returned, finding him not guilty, upon which a judgment was rendered by the court discharging him without day. The State prosecutes this appeal under subdivision three of section 325 of the act of 1905 (Acts 1905, p. 584, §2211 Burns 1908), upon a reserved question of law.

The affidavit upon which appellee was prosecuted charged that he, on September 24, 1907, was a resident of Noble township, Wabash county, Indiana, and had been such a resident continuously since March 1 of said year; that on said September 24, 1906, he did unlawfully keep, harbor, board, feed and permit to stay about his premises therein situate one unspayed female dog over the age of three months; that he did not then and there hold a receipt from the township assessor of said Noble township, nor the receipt of the township trustee of said township, nor of any township in the State of Indiana, showing that the required tax of $3 had been paid for such dog for the year 1906, as required by law. It is charged that he acquired said dog since the close of the assessing season of said 1906.

Section 3258, *supra,* makes it the duty of the township assessor of each township in this State, at the time of assessing the property of each property holder of the township, ''to make diligent inquiry as to the number of dogs owned, harbored or kept by the person so assessed. And such person as assessed, shall pay immediately to the township assessor the sum of $1 for each male dog or spayed female

dog. And the sum of $2 for each additional male dog or spayed female dog. And the sum of $3 for each female dog (unspayed) so owned, harbored or kept."

By the provisions of §3259, *supra,* it is made the further duty of the township assessor to give to each person a receipt for such money paid him, "which receipt shall show the person's name who owns, harbors or keeps the dog, the amount paid, and the number, description and kind of dogs paid for, and whether male or female, and the number of each, which receipt shall relieve the person or persons owning, keeping or harboring such dogs for the current year, extending one year from its date or until the next regular township assessment."

Section 3262, *supra,* among other things, provides "that if any person shall acquire, own, harbor or keep any dog after the assessor shall have completed his assessment, he shall report such dog to and pay to the township trustee of his township the amount of dog tax as above provided and.receive his receipt for the same, which receipt shall exempt him from further payment of dog tax on dogs described in said receipt, until the time of the next assessment of his township."

Section 3266, *supra,* provides that "it shall be a misdemeanor for any person who does not hold the township assessor's or township trustee's receipt, showing that the required tax has been paid for the same, as provided in this act, to keep, harbor, board or feed, or permit any dog to stay about his, her or their premises, and upon complaint they shall be liable to a fine in any sum not exceeding $10."

The material facts in the case are undisputed, and are as follows: Appellée, on March 1, 1906, was a resident of Noble township, Wabash county, Indiana, and continued to be a resident of that township up to and including September 24, 1906. He was not the owner or harborer of any dog on March 1, 1906, nor did he own or harbor any dog at any time between that date and May 15, 1906. Subsequently on

September 17, 1906, he acquired and became the owner of the dog in controversy. This was an unspayed female dog, and he procured and received the dog from William R. Fowler. The dog was born on June 21, 1906, and was not yet three months old at the time Fowler gave her to appellee on September 17, 1906. Fowler informed appellee at the time he gave him the dog that she would be three months old on September 21, 1906. After procuring the dog on said date appellee continued thereafter to harbor and keep her, and permit her to remain in and about his printing office and premises in said township, for a period of three weeks, this period including September 24, 1906. He did not report the dog to the township trustee after she became three months old, and did not pay to that officer the tax required for an unspayed female dog, or any other dog. In fact, after acquiring the dog, he paid no tax whatever upon her at any time during that year, but continued to harbor and keep her upon his premises during the time heretofore stated without having or holding any receipt from either the township assessor or the township trustee, showing that he had paid the required tax for said dog.

The contention of appellee's counsel is that under the law applicable to the facts in this case appellee could not be convicted of the offense charged in the affidavit. They advance the argument that the provisions of the statute providing for taxation of dogs applies to persons who may own, harbor or keep dogs during the time fixed by the statute concerning taxation for the assessment of property by the township assessor. The period allowed the assessor for the completion of the assessment of his township extends from March 1 to May 15 following in each year. §8458 Burns 1905, Acts 1903, p. 49, §48.

Counsel claim that the manifest intention of the statute in controversy is to restrict or limit the township trustee, in the exercise of his authority under §3262, *supra,* to receive dog tax and issue a receipt therefor, to that portion of time

between March 1 and May 15 which has not been consumed by the township assessor in completing the assessment of his township. They assert that neither the authority of the assessor to receive dog tax and issue a receipt for same, nor the authority of the township trustee to exercise that right, can be held to extend beyond May 15 in any year. Or, in other words, it is insisted that the provisions of §3262, *supra,* which make it the duty of any person who acquires, owns or harbors a dog after the township assessor has completed the assessment of his township to report such dog to the proper township trustee, pay him the required tax, and take his receipt therefor, do not apply to persons who acquire, own, harbor or keep dogs after May 15 in any year, the limit of the time allowed for the completion of the township assessment.

Counsel, in support of their views as heretofore expressed, assert that this is the proper and reasonable construction of the statute, otherwise, as they argue, the authority of the township trustee, under the law, to receive dog tax and issue the necessary receipt therefor, would extend beyond May 15, and would continue after the latter date until the next regular township assessment beginning March 1 next following. Consequently they insist that such a construction of the statute would invest the trustee with the power to receive the required tax and issue the receipts therefor during all of the period of time between the date upon which the township assessor completes the assessment of the township and March 1 following. They assert that, if the law be so construed, then the owner or harborer of a dog which becomes three months old on March 28 would be required to pay tax for such dog to the township trustee, and, if he continued to own, harbor or keep the dog on March 1 next succeeding the township assessor could then demand and collect the tax prescribed by the first clause of the statute in controversy. The views which counsel for. appellee express

relative to the construction which should be given to the statute involved are wholly untenable and without support.

Considering, first, that which may be asserted to be a threshold proposition, it may be said that the question in regard to the taxation of dogs in the manner provided by the act in controversy is one largely within the discretionary powers of the legislature. The validity of such laws has been repeatedly sustained under the decisions of this court, and their purpose and object interpreted. The tax imposed upon the owner, harborer or keeper of a dog is not, as the authorities affirm, for the purpose of providing a revenue for public use, but is in the nature of a penalty prescribed to discourage persons, so far as possible, from owning, harboring or keeping dogs. The tax is not *ad valorem,* but *per capita,* for the reason that the legislature did not, as a general rule, regard nor recognize these animals as property. The right of the legislature to enact these laws does not depend upon any grant of power to that body by the state Constitution, but arises out of or is the offspring of the police power of the State, and such statutes have always been sustained by this court solely on the ground that they were police regulations and not laws for the purpose of raising revenue. See *Mitchell* v. *Williams* (1866), 27 Ind. 62; *State* v. *Cornnall* (1866), 27 Ind. 120; *Haller* v. *Sheridan* (1866), 27 Ind. 494; *State* v. *Doe* (1881), 79 Ind. 9, 41 Am. Rep. 599.

As heretofore shown, §2847 Burns 1901, Acts 1897, p. 178, §1, makes it the duty of the township assessor, at the time of making the annual township assessment, diligently to inquire of each person assessed in regard to the number of dogs owned, harbored or kept by such person. If such person owned, harbored or kept any dog or dogs on March 1, the beginning of the current assessment year, or on any day thereafter up to and including the date

of his assessment, then he must report such dog or dogs to the assessor and immediately pay to that officer the amount of tax on each dog as fixed or prescribed by §3258, *supra.* Upon the making of such payment, the assessor, under §3259, *supra,* is required to give to such owner, harborer or keeper a receipt as therein provided. This receipt, as the section provides, "shall relieve the person or persons owning, keeping or harboring such dogs'" for the current year, or until the next regular township assessment. In other words, the law intends that the person to whom such receipt is given by the assessor shall be relieved from any further liability or penalty, arising out of the owning, keeping or harboring upon his or her part of the particular dog or dogs described in the receipt, during the then current assessment year, which will close on the last day of February next following. The law intends that the receipt, so authorized to be given, shall be confined to the person to whom it is issued and shall not be transferable, and can in no manner inure to the relief or exemption of any other person who may subsequently, during said current year, own, keep or harbor the particular dog or dogs therein described. Any person, other than the one to whom the receipt is given, who at any time thereafter, before the close of said current year, becomes the owner, harborer or keeper of the particular dog described in the receipt, must, in order to relieve himself from liability and prosecution under the statute, report the dog to the township assessor or the township trustee, as the case may be, and pay the tax exacted by the law and secure the proper receipt. Otherwise he will subject himself to the penalty prescribed by §3266, *supra.* Paying the tax as required by the statute and receiving the receipt therefor are both indispensable upon the part of a person who at any time during said current year either owns, harbors or keeps a dog over the age of three months.

It will be noted that by §3262, *supra,* it becomes the imperative duty of any person, who, after the completion of

the township assessment, acquires, owns, harbors or keeps any dog over the age of three months, to report such dog to the trustee of his township, pay the tax exacted by §3258, *supra,* and obtain from such officer the proper receipt. The duty on the part of the person who acquires, owns, harbors or keeps any dog after the time mentioned in said section to report to the trustee and pay the tax fixed and provided by said section, is imposed by the law without any regard to the age of the particular dog at the close or completion of the township assessment, and regardless of the fact as to whether the dog was born prior to the beginning of the period of the assessment of the township, as fixed by law, or during said period, or after the close or completion of said assessment. The receipt given by the trustee, as provided by §3262, *supra,* will serve to exempt the person to whom it is issued from any further payment of tax or penalty on the particular dog described in said receipt until the time of the next township assessment, which period, as heretofore shown, under the law begins on March 1 next following.

Upon the facts in this case appellee clearly comes within the provisions of the statute, and by §3262, *supra,* he was required to report the dog in dispute to his township trustee, pay to that official the tax provided for by §3258, *supra,* and secure the necessary receipt. Having failed to conform to these requirements of the law, when the dog in question became over the age of three months, he subjected himself to prosecution and conviction under the provisions of §3266, *supra.* The State at the trial unsuccessfully requested the court to give to the jury certain instructions which

6. placed a construction upon the provisions of the statute consistent and in harmony with the interpretation which we herein accord to that law. It follows that this appeal should be sustained. The appeal is therefore sustained, at the cost of appellee.