STATE OF IOWA, Appellee, v. JOHN HILL, JOHN J. NAVEN and JOHN SCHNACK, Appellants, (three cases); THE CITY OF DAVENPORT, Intervener.

**CONSTITUTIONAL LAW: Title of Act—Expression of Subject—**
1 **Mulct Law.** The provision of the Constitution that the subject of a legislative act shall be expressed in the title is sufficiently complied with in the so-called "Mulct Law Repeal Act" (Section 2448-a, Code Supplemental Supplement, 1915), by designating the numerous sections embraced in said repeal act as "relating to the mulct tax," all such repealed sections prescribing the conditions under which the payment of the said tax shall constitute a bar to the prosecution of those engaged in the sale, etc., of intoxicating liquors.

**STATUTES: Repeal—Designating Section Repealed—Official Publi-**
2 **cation.** "The Supplement to the Code of Iowa, 1913," *though*

*bound without an index*, was the "authoritative publication of the existing laws of the state," even though the act providing for its compilation required an "index," an index being no part of the statutes proper.

**CONSTITUTIONAL LAW: Vested Rights—License Fees and Taxes.**
3 Municipalities have no vested interest in license fees or taxes derived under authority of laws enacted in the exercise of the police power.

**STATUTES: Repeal—Scope of Repeal.** The repeal of the so-called
4 "Mulct Law" (Section 2448-a, Code Supplemental Supp., 1915), was applicable to special charter cities as well as to all other parts of the state, the very sections repealed specifically providing that they were applicable to such cities.

*Appeal from Scott District Court.*—M. F. DONEGAN, Judge.

THURSDAY, JUNE 29, 1916.

THE petition in the first of the above entitled causes alleged that defendant was maintaining a place in the city of Davenport wherein intoxicating liquors are kept for sale and sold, and prayed that the same be enjoined as a nuisance. The defendant, in his answer, alleged compliance with the mulct law, but for its alleged repeal, and pleaded that such repeal had not been effected, because of matters considered in the opinion. The city of Davenport filed a petition of intervention, in which it alleged that a statement of consent found sufficient May 26, 1914, would not expire until five years therefrom, and that to enjoin, as prayed, would interfere with a vested right of the city by taking away a source of revenue, and it joined defendant in praying that the petition be dismissed. The other cases are similar, and all three were submitted on an agreed statement of facts. Decrees were entered, as prayed, and defendants appeal.—*Affirmed.*

*Bollinger & Block* and *Carl H. Lambach*, for appellants.

*George Cosson*, Attorney General, and *Henry H. Jebens*, County Attorney, for appellee.

LADD, J.—The three cases were tried together on an agreed statement of facts, from which it appears that defendants were operating places in the city of Davenport where intoxicating liquors were kept for sale and sold, January 3, 1916, and that this would have been lawful but for the enactment of Section 2448-a of the Code Supplemental Supplement, 1915. That section declares:

"That the law as the same appears in section twenty-four hundred forty-eight (2448) supplement to the code, 1913, section twenty-four hundred forty-nine (2449), of the code, 1897, sections twenty-four hundred fifty (2450), and twenty-four hundred fifty-one (2451), supplement to the code, 1913, sections twenty-four hundred fifty-two (2452), twenty-four hundred fifty-three (2453), twenty-four hundred fifty-four (2454), twenty-four hundred fifty-five (2455), twenty-four hundred fifty-six (2456), twenty-four hundred fifty-seven (2457), twenty-four hundred fifty-eight (2458), twenty-four hundred fifty-nine (2459), twenty-four hundred sixty (2460), and twenty-four hundred sixty-one (2461) of the code, 1897, sections twenty-four hundred sixty-one c (2461-c), twenty-four hundred sixty-one d (2461-d), twenty-four hundred sixty-one e (2461-e), twenty-four hundred sixty-one h (2461-h), twenty-four hundred sixty-one i (2461-i), twenty-four hundred sixty-one j (2461-j), and twenty-four hundred sixty-one k (2461-k) of the supplement to the code, 1913, be and the same are hereby repealed."

Appellants contend that this statute is invalid, for that: (1) The subject thereof was not expressed in the title, as exacted by Section 29, Article 3, of the Constitution, and Subdivisions 3 and 5 of Section 41-a of the Code Supp., 1907; (2) that sections of the Supplement of 1913 to the Code are referred to that did not come into existence until long after the enactment of the statute; (3) that the statement of consent was adjudged sufficient, May 26, 1914, and the city thereby acquired a vested right in such revenues as might be derived from the mulct tax levied under the statutes and city

ordinance until the expiration of five years; and (4) that the statute is not applicable to special charter cities.

These questions may be disposed of in the order stated.

I. Was the subject of the act sufficiently expressed in its title, which was as follows:

1. CONSTITUTIONAL LAW: title of act: expression of subject: mulct law.

"An act to repeal the law as the same appear in Section 2448 of the Supplement to the Code, 1913, Section 2449 of the Code, 1897, Sections 2450 and 2451 of the Supplement to the Code, 1913, Sections 2452, 2453, 2454, 2455, 2456, 2457, 2458, 2459, 2460 and 2461 of the Code, 1897, Sections 2461-c, 2461-d, 2461-e, 2461-h, 2461-i, 2461-j, and 2461-k, of the Supplement to the Code, 1913, relating to mulct tax.''

The several sections referred to relate to what is commonly known as the Mulct Law. Statutes prohibiting the manufacture and sale of intoxicating liquors as a beverage were enacted by the 20th General Assembly, going into effect July 4, 1884. These, as amended and added to, continued until the enactment of the Mulct Law by the 25th General Assembly, taking effect by publication, April 4, 1894. With such changes as subsequent legislatures have made, this law was in force at the time the quoted statute was enacted, and, according to Section 2448-b, the repealing act was not to become effective until January 1, 1916. These statutes are contained in Chapter 6, Title XII, of the Code, beginning with Section 2432, and in the corresponding place in the Code Supplement, 1913. Sections 2432 to 2448, inclusive, relate to the levy, collection and distribution of a tax of $600 against persons, partnerships and corporations, other than permit holders, carrying on the business of selling or keeping for sale intoxicating liquors, or maintaining a place where intoxicating liquors are sold or kept with intent to sell. These statutes, some of which have been changed, as appears in the Code Supplement, are not touched by the repealing enactment. They in no manner legalize the traffic in intoxicating

liquors, and do not interfere with the enforcement of the prohibitory law. The subsequent sections, to and including Section 2461 of the Code, with such changes and additions as have been made since as appear in such Code Supplement, 1913, define under what circumstances the payment of the mulct tax shall constitute a bar to the prosecution of those engaged in the sale or keeping for sale or the manufacture of intoxicating liquors as a beverage. They are too extended for quotation here, though it should be added that additional taxes may be exacted by the city (Section 2455, Code). All these, then, being the sections purported to be repealed by the act under consideration, relate to and are connected with the mulct tax; and, therefore, describing these statutes as "relating to the mulct tax" was accurate, and the true subject of the act was as described therein, the repeal of the law as found in the enumerated sections, relating to the mulct tax. Section 29 of Article III of the Constitution requires that "Every act shall embrace but óne subject, and matters properly connected therewith." See *State v. Fairmont Creamery Company,* 153 Iowa 702; *State v. Edmunds,* 127 Iowa 333; *Wise v. Palmer,* 165 Iowa 731. The title of the statute is in strict compliance with Subdivision 3 of Section 41-a, Code Supplement, 1913, and Subdivision 5 thereof was not applicable. Whether reference to the particular statute repealed in the title was sufficient compliance with this section need not be considered. The point that the title to the act was not in compliance with the above provision of the Constitution is utterly without foundation.

II. The act referred to sections of the Code Supplement of 1913, where the sections of the Code had been changed in compliance with Subdivision 3 of Section 41-a of said Supplement, and appellants contend that, inasmuch

2. STATUTES: repeal: designating section repealed: official publication.

as the Supplement was then bound without the index, it was not in existence as an official publication of the laws. It was stipulated

that one hundred printed copies of said Code Supplement, so bound, had previously been delivered to the secretary of state, though without an index, and that such Supplement, bound with an index, was not delivered to the secretary of state or distributed until in August, 1915, about four months after the adjournment of the legislature.

The index formed no part of the statutes or annotations contained in the Supplement. In every particular, the Supplement was the same when bound without the index as it was afterwards when bound with it. An index is merely a table of contents so arranged as to facilitate finding the particular statutory matter sought. It constitutes no part of the statutes and serves no purpose by way of publication, for statutes included therein had previously appeared in the Code Supplement or session laws, and had long been in force.

The Supplement had been prepared and printed in strict compliance with Chapter 1 of the Acts of the 35th General Assembly, and reference to the several sections therein was as definite as would have been possible had there been an index, which had been omitted from the volume in binding, owing to the delay in its preparation. Though its preparation was enjoined by said chapter, there was no requirement, save by implication, that it be bound with the Supplement, and a reference to any section of the latter was as definite without the index as with it. Section 10 of the chapter cited declared:

"The Supplement to the Code by this act provided to be published and distributed, shall be the official edition and authoritative publication of the existing laws of the state, and no other publication of the laws of the state except the Session Laws and the Code shall be used in the courts or referred to by title, chapter or section in the reports of the same. Said Supplement shall be received in evidence in all courts and tribunals of the state as the official publication of such laws of the state. Neither said Supplement nor any part thereof shall be published except in the manner now

provided by law for the publication of the Code and parts thereof. Said Supplement shall be sold for four dollars per volume."

It is the Supplement, and not the index thereto, which is the "authoritative publication of existing laws of the state," and to the section or sections of said Supplement to the Code, the General Assembly is directed, by Subdivision 3 of Section 41-a, Code Supplement, 1913, to refer in amending or repealing statutes included therein. We are of opinion that the Code Supplement was complete,—as complete as when issued with the index,—at the time the repealing statute was enacted, and that reference to sections therein was as effectual as though to the original Session Laws or the sections of the Code.

III. Did the city have such a vested right in the taxes to be levied or license fees to be exacted that the general assembly might not repeal the law authorizing the same?

Counsel for appellants will discover, upon an

3. CONSTITUTIONAL examination of *Mugler v. Kansas*, 123 U. S. LAW: vested rights: license 623 (31 L. Ed. 205), *Bartemeyer v. Iowa*, 18 fees and taxes. Wall. (U. S.) 129, and *Kaufman v. Dostal*, 73 Iowa 691, and other decisions too numerous to cite, and without conflict, that a person enjoying the privilege or license to manufacture, deal in or sell intoxicating liquors has no vested right therein, and the legislature may, in the exercise of its police power, withdraw the same whenever it deems such a course expedient. If it may terminate the privilege or license accorded upon the payment of tax or license fee, upon what theory can it be denied the power to withdraw from municipalities the authority to collect the same? A municipality derives from the legislature all authority to levy taxes or impose license fees. All agree that the taxing power is one of the attributes of sovereignty. 1 Abbott's Municipal Corporations, Section 300 *et seq.* This power is merely delegated to the municipality as an agency of the state (2 Abbott's Mun. Corp., Section 401), and may be withdrawn at any time the state chooses so to do. The decisions are unanimous in hold-

ing that the regulation and control of the liquor traffic are within the proper exercise of the police power of the state, and, this being so, one general assembly may not, even if it would, by any contract with individuals, partnerships or corporations, private or public, restrain any subsequent general assembly from legislating for the public welfare, order and morals according to its discretion. *Butchers' Union, etc., Co. v. Crescent City, etc., Co.,* 111 U. S. 746 (28 L. Ed. 585); *Stone v. Mississippi,* 101 U. S. 814 (25 L. Ed. 1079); *Boston Beer Co. v. Massachusetts,* 97 U. S. 25 (24 L. Ed. 989). In the last case, the court, speaking through Justice Bradley, declared that:

"Whatever differences of opinion may exist as to the extent and boundaries of the police power, and however difficult it may be to render a satisfactory definition of it, there seems to be no doubt that it does extend to the protection of the lives, health and property of the citizens, and to the preservation of good order and the public morals. The legislature cannot, by any contract, divest itself of the power to provide for these objects. They belong, emphatically, to that class of objects which demand the application of the maxim, *salus populi suprema lex;* and they are to be attained and provided for by such appropriate means as the legislative discretion may devise. That discretion can no more be bargained away than the power itself."

Counsel seem to have confused the relation between the intervener and the state, and to have overlooked the fact that the city of Davenport may exercise the taxing power only as delegated to it by the state, and that the latter is sovereign, and the city merely one of the agencies, exercising such powers as the legislature may confer, or allow it, with other cities of the same class, to retain. See *State v. Barker,* 116 Iowa 96. The point raised is utterly without basis, and only a mere suggestion in *State v. Neeper,* 3 G. Greene 337, is cited in its support by appellants. We discover no reason why the legislature, if it may deny the privilege of paying taxes or license

fees, may not prevent its agencies from receiving the same, and counsel have not taken the trouble to explain their anomalous contention. There is nothing in the point raised.

IV. Lastly, counsel argue that the repeal is not applicable to cities acting under special charter. Sections 2448 of the Code Supplement and 2449 of the Code, providing under what conditions payment of the mulct tax shall be a bar to prosecution for violating the prohibitory statutes, expressly include "cities acting under special charter;" and, of necessity, an act repealing these statutes in their entirety is "made applicable to such cities," as exacted by Section 933 of the Code. None of the points raised are fairly debatable, and we entertain no doubt in finding the repealing statute invulnerable to the objections interposed. The decree entered in each case is —*Affirmed*.

4. STATUTES: repeal: scope of repeal.

All the justices concur.