FINERTY, AUDITOR, ET AL. *v.* STATE EX REL. SCHOOL CITY OF GARY.

[No. 26,952. Filed February 15, 1938. Rehearing denied March 10, 1938.]

*George E. Hershman,* for appellants.

*John G. Capoush,* for appellee.

SHAKE, J.—This is an action brought by the State, on the relation of the School City of Gary, against the appellant Finerty, as auditor, and the appellant Conter, as treasurer, of Lake County, Indiana. The action is in mandate to compel appellants to pay over to appellee an undistributed portion of the "county dog fund." The court overruled the appellants' demurrer to the complaint. The appellants refused to plead further and a judgment was rendered in favor of the appellee. This appeal challenges the correctness of the court's ruling on the demurrer to the complaint.

The complaint, which is in one paragraph, alleges in substance that there is a surplus in the county dog fund of Lake county, after the payment of all claims for damages to livestock and poultry properly chargeable against said fund; that appellants are about to distribute said surplus under the provisions of an act of the General Assembly approved March 9, 1937 (Acts of 1937, Chap. 133, §§10 and 11; §§16-326 and 16-327 Burns Supp. 1937, §§3811-10 and 3811-11, Baldwin's Supp. 1937), whereas, said fund should be distributed under the provisions of the act of 1927, as amended and approved on March

9, 1929 (Acts of 1929, Chap. 58, §§1 and 2; §§16-312 and 16-313 Burns Ann. St. 1933; §§3821 and 3822, Baldwin's Ind. St. 1934; that the taxes from which said fund was accumulated were collected pursuant to the act of 1929 and before the enactment of the act of 1937; that the tax levy for the support of the public schools of the city of Gary, to be collected during the year 1937, was established upon a basis to include the distributive share of said school city from the county fund; that the appellants are now threatening to pay over the surplus in said fund to the auditor of state; that the school city will not be able to meet its contract obligations and maintain and operate its schools without its proportionate share of said dog tax funds, and that its credit will be impaired, if said funds are paid to the state auditor.

The demurrer is for want of facts and the memorandum attached raises the proposition that the surplus in the county dog tax fund of Lake County should be paid to the state auditor, pursuant to the provisions of the act of March 9, 1937, the complaint having been filed in the court below on March 11th.

The act of 1929 provides for the levy and collection of dog taxes in the State of Indiana. Such taxes are collectible by the township assessor and the act directs that the proceeds from said collections shall be reported to the county auditor and paid over to the township trustees; that said funds shall be used by the trustees to pay claims for damages to livestock and poultry killed or maimed by dogs; that on March 1st of each year the trustees shall pay over the surplus in said fund, excepting the sum of one hundred dollars, to the treasurer of the county. The funds so paid to the county treasurer by the township trustees constitute a "county dog fund," and on the second Monday in March of each year the county treasurer is directed to make a distribution thereof to the township trustees sufficient to pay and

discharge any deficit in their respective township dog funds. When said deficits have been met, the surplus left in the county fund "shall be distributed for the schools of the county in the same manner the common school revenue of such county is distributed."

The act of 1937 repealed the act of 1927, as amended in 1929, and established a "State dog account," to be administered by the auditor of state. This act provides that on the first Monday in March of each year, the township trustees shall pay over to the county treasurer the surplus funds in their respective dog tax accounts, in excess of one hundred dollars. The county treasurer shall thereupon distribute among the townships of the county sufficient funds from said dog tax account to pay the deficits existing in said township funds. Thereafter, on the first Monday in May of each year, the county auditors of the several counties are required to pay over to the auditor of state the surplus in the several county dog funds. The auditor of state is directed to use so much of said funds as is necessary to pay any deficits in the county dog funds of the respective counties; and it is further provided that "all money in excess of fifty thousand dollars remaining in the state dog account after such annual distribution shall have been made, . . ., shall be transferred by the auditor of state to the state school revenue fund."

This appeal presents the single question as to whether the surplus in the county dog fund of Lake County on March 11, 1937, should be distributed for the schools of the county in the same manner the common school revenue of such county is distributed, as provided in the act of 1929, or whether said county fund should be paid to the auditor of state, as provided in the act of 1937. It is appellee's contention that the funds having been collected pursuant to the act of 1929, the provisions of that act control with respect to the distribution thereof.

It is further contended that the School City of Gary has a vested interest in its proportionate share of said county fund, for the reason that its annual budget for the year 1937 was made in anticipation thereof, and that to divert the fund to the state auditor will create a deficit in the annual budget of said school city, impair its credit and cause defaults in its contract obligations.

Statutes of the kind here under consideration are not intended to provide revenue for public purposes, but are an exercise of the police powers of the State for the protection of property. *Mitchell* v. *Williams* (1866), 27 Ind. 62; *The State* v. *Sharp* (1907), 169 Ind. 128, 81 N. E. 1150.

The prohibitions contained in Article 1, Sec. 24 of the Constitution of the State of Indiana, and in Article 1, Sec. 10 of the Constitution of the United States, against the impairment of contracts, do not restrict the exercise of the State's police power to protect the public health, safety and general welfare. *Grand Trunk, etc., Ry. Co.* v. *City of South Bend* (1909), 174 Ind. 203, 222, 89 N. E. 885, 91 N. E. 809.

In the case of *City of East St. Louis* v. *Trustees of Schools* (1882), 102 Ill. 489, 40 Am. R. 606, it is held that a statute creating the charter of a city and authorizing it to license and tax dram-shops for the benefit of the schools of the city, creates no vested right in the city to such funds. The court said (p. 492) : "Such a fund is not required by any known constitutional requirement, to be applied solely to municipal purposes. The General Assembly had the power to dispose of such a fund for any public use. It might be required to be paid into the State treasury, the county treasury, or applied to the use of schools in any district or place where the General Assembly might think proper to place it."

The Supreme Court of Iowa held in the case of *State* v. *Hill et al.* (1916), 177 Iowa 270, 158 N. W. 518, with

respect to an alleged vested interest of a city in the proceeds of liquor license fees, that (p. 276) : "A municipality derives all authority from the Legislature to levy taxes or impose license fees. All agree that the taxing power is one of the attributes of sovereignty . . . This power is merely delegated to the municipality as an agency of the state . . . and may be withdrawn at any time the state chooses so to do. The decisions are unanimous in holding the regulation and control of the liquor traffic are within the proper exercise of the police power of the state, and, this being so, one general assembly may not, even if it would, by any contract with individuals, partnerships or corporations, private or public, restrain any subsequent general assembly from legislating for the public welfare, order and morals according to its discretion."

In *State Board of Education* v. *City of Aberdeen* (1879), 56 Miss. 518, it was specifically held that municipal bodies have no vested right, either to grant licenses, or to the money received from them. That case cites *Sloan* v. *The State* (1847), 8 Blackf. 361, 364, wherein it is stated: "Public or municipal corporations are established for the local government of towns or particular districts. The special powers conferred upon them are not vested rights as against the State, but being wholly political exist only during the will of the general Legislature, otherwise there would be numberless petty governments existing within the State and forming a part of it, but independent of the control of the sovereign power. Such powers may at any time be repealed or abrogated by the Legislature, either by a general law operating upon the whole state, or by a special act altering the powers of the corporation." See also *Center School Township* v. *State, ex rel. Board of School Commissioners of the City of Indianapolis* (1897), 150 Ind. 168, 49 N. E. 961.

It cannot be said, therefore, that the disposition of the funds derived from dog taxes, as provided in the act of 1937, destroys any vested interest of the School City of Gary therein, or impairs its contract obligations, previously entered into. The General Assembly had unquestioned power and authority to change the method of administering these funds and to vest that authority in the auditor of state, instead of leaving it with the county auditor, where it rested prior to the enactment of the law of 1937. The Legislature likewise had authority to provide that the surplus in the state fund should be applied to the school revenue fund of the state, instead of having the same distributed in the same manner that the common school revenue of the county is distributed. The relator has no such interest in the undistributed funds in the hands of the county officials on March 11, 1937, as would justify an action of this kind. The court erred in overruling appellant's demurrer to the complaint.

The cause is reversed, with directions to sustain the appellants' demurrer to the complaint.

Roll, C. J., absent.