Filed May 14, 1890.

---

No. 14,345.

THE LOUISVILLE UNDERWRITERS *v.* DURLAND ET AL.

MARINE INSURANCE.—*Action on Policy.—Complaint.—Sufficiency of.*—In an action on a marine insurance policy, by the terms of which the company is liable for any loss occasioned by fire, except when caused by explosion of boiler, and except as limited by certain warranties contained in the policy, a complaint which alleges that the loss was caused by fire which was not caused by the explosion of any boiler, and alleges generally that the plaintiffs had performed all the conditions of the contract on their part, is sufficient.

SAME.— Conditions Precedent.—Pleading.—Under section 370, R. S. 1881, which applies to insurance policies the same as to other contracts, it is sufficient to allege generally the performance of conditions precedent in a policy of insurance.

SAME.— Warranties.—Pleading.—In an action on a policy of insurance the plaintiff is not required to negative in his complaint warranties and exceptions stated in the policy. If the loss is within a warranty or exception it is matter of defence, which must be pleaded affirmatively by the defendant.

SAME.—Express Covenants against Loss.—General Warranties by Insured.— Liability of Company.—Where a marine insurance policy contains an express covenant against loss occasioned to the steamer by fire, except when caused by explosion of boiler, and except as limited by warranties therein contained, such covenant is not modified by general warranties on the part of the insured that the insurer shall be free from " loss or damage caused by the bursting of boilers, by the collapsing of flues, by the explosion of gunpowder," etc., and the insurer is liable to the insured for all losses caused by fire, except fires caused by the explosion of boilers.

CONTRACT.— Construction of by Parties to.—The construction by the parties to a contract of the language employed therein should not be disregarded by the court.

From the Vanderburgh Circuit Court.

T. D. Lincoln, J. E. Iglehart and E. Taylor, for appellant.

G. V. Menzies, A. Gilchrist and C. A. De Bruler, for appellees.

BERKSHIRE, J.—This was an action upon a marine insurance policy. There was a trial below and a judgment rendered for the appellees.

The appellant assigns two errors in this court:

1st. The court erred in overruling the demurrer to the complaint.

2d. The court erred in overruling the motion for a new trial.

We find no objection to the complaint. By the terms of the policy the appellant was liable for any loss occasioned to the steamer by fire, " except when caused by explosion of

boiler," and except as limited by certain warranties contained in the policy. The complaint alleges that the loss was caused by fire which was not caused by the explosion of any boiler, and alleges generally that the appellees had performed all the conditions of the contract on their part.

Appellant contends that the complaint is bad because it fails to allege in specific terms that the loss did not occur because of the breach of some one or more of the warranties contained in the policy.

Among other things covered by the warranties of the appellees, is loss occasioned " by the bursting of boilers, by the collapsing of flues."

Perhaps we had better set out this portion of the policy so far as material to the question under consideration:

" Warranted by the assured that this company shall be free from all claims for loss or damage arising from or caused by theft, barratry, robbery, civil commotion, war or piracy, or during any time said vessel shall be seized and taken possession of or detained by any act of the United States government or other legally excluded cause; by damage that may be done by the vessel hereby insured to any other vessel or property; from any loss or damage occasioned by said vessel being improperly laden, by the *bursting of boilers*, by the *collapsing of flues*, by the explosion of gunpowder, by the derangement or breaking of the engine or machinery, or from consequences of any character resulting from either of the foregoing exceptions, unless the same be caused by unavoidable external violence."

We have the following statute, section 370, R. S. 1881: " In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions [of the contract] on his part. If the allegation be denied, the facts showing a performance must be proved on the trial."

If the clauses " by the bursting of boilers, by the collapsing of flues," are conditions precedent, then the foregoing

statute rendered it unnecessary for the appellees to allege in their complaint specifically the performance of those conditions. *Fairbanks* v. *Meyers,* 98 Ind. 92 ; *Purdue* v. *Noffsinger,* 15 Ind. 386. This statute applies to insurance policies the same as other contracts. *Continental Life Ins. Co.* v. *Kessler,* 84 Ind. 310 ; *American Ins. Co.* v. *Leonard,* 80 Ind. 272 ; *Home Ins. Co.* v. *Duke,* 43 Ind. 418 ; *Phenix Ins. Co.* v. *Pickel,* 119 Ind. 155.

If they amount to warranties, or are exceptions (and they are given both names by the appellant) it was not necessary that their violation be negatived in the complaint. It is not required of the plaintiff in an action on an insurance policy that he in his complaint negative warranties and exceptions stated in the policy.

If the loss is within a warranty or exception, it is matter of defence, which must be pleaded affirmatively by the defendant. *National Benefit Ass'n* v. *Grauman,* 107 Ind. 288 ; *Piedmont, etc., Life Ins. Co.* v. *Ewing,* 92 U. S. 377 ; *John Hancock Mut. Life Ins. Co.* v. *Daly,* 65 Ind. 6 ; *Northwstern Mut. Life Ins. Co.* v. *Hazelett,* 105 Ind. 212 ; *Phenix Ins. Co.* v. *Pickel, supra ;* May Ins., section 183.

In coming to a conclusion upon many of the questions involved, it becomes necessary that we construe the policy. By its terms and conditions the appellant assumed in express terms all unavoidable dangers of the waters which the vessel was to navigate, and of fires, with one stipulated exception, which was exemption from fires caused by the explosion of boilers. Further on in the instrument the appellees obligated themselves in general terms in the nature of warranties, which it is claimed modified the express covenants of the appellant.

The covenant of the appellant being an express covenant against loss occasioned by fire except as therein limited, the question is presented, did not the appellant thereby become bound to the appellees for all losses caused by fire while they were running and operating the said steamer upon said

waters except fires caused by the explosion of boilers? We are inclined to the opinion that the appellant was so bound. The covenants of warranty were general in their character, while the covenants of the appellant, and especially as to loss occasioned by fire, were express and specific. And again, the warranties are covenants on the part of the appellees, and form no part of the covenants of the appellant. The most that can be claimed for them is that for any loss coming within their terms they operated to release and discharge the appellant from the responsibility to which its covenants bound it. Policies of insurance, like other contracts, are to be reasonably construed. " The contract of insurance should be liberally construed, with a view to effectuate its purpose. The language of the policy, and of the interrogatories and provisions of the application, is carefully and deliberately prearranged by the insurer; in its preparation the insured has no part. Whatever there may be in the language so prepared by the insurer, which has any tendency to defeat the main purpose of the contract, should be strictly construed against the insurer. If there be any ambiguity in an interrogatory propounded to the applicant, or it be capable of more than one answer, it should be construed most strongly against the insurer, and most favorably to the insured, in whose favor all doubt should be resolved." Penn Mut. Life Ins. Co. v. Wiler, 100 Ind. 92; Phenix Ins. Co. v. Pickel, supra; Boatman, etc., Ins. Co. v. Parker, 23 Ohio St. 85.

We quote the following, which seems to be in point, from Wood Fire Insurance, p. 259: " The court further laid down the rule that it is the duty of an insurance company seeking to limit the operation of its contract of insurance by special provisos or exceptions, to make such limitations in clear terms, and not leave the insured in a condition to be misled. The insured may reasonably be held entitled to rely on a construction favorable to himself where the terms will rationally permit it."

It is also a well-settled rule, or canon of construction, ap-

plicable to all contracts, that such construction will be applied as will give force and effect to all parts of the contract, if it can be done without doing violence to the language employed and the evident intention of the parties, and especially will this be done if such a construction will carry into effect the evident intention of the parties.

When appellant undertook to stipulate and did stipulate in that part of the policy in question to which the appellees could only look for a recovery in case of loss, as to the limitation which should relieve the appellant from responsibility in case of loss by fire, it is fair to presume that it was intended thereby to fix the exact and entire liability of the appellant; if not, the inquiry arises, Why were not all of the limitations and exceptions then stated? Why were further modifications left to the warranties exacted? We can imagine no sufficient reason, and are of the opinion, as stated in the language quoted from Wood, *supra,* that the appellees " may reasonably be held entitled to rely on a construction favorable to himself (themselves) where the terms will rationally permit it."

The evident intention of the parties was, that the appellant should be bound for all losses occasioned by fire, except from explosion of boilers, while the steamer was under the control of the appellees, and being navigated upon the waters named in the policy; at least it is our opinion that the appellees were entitled to so understand and construe the policy. And that the warranties relied upon referred to other casualties than loss by fire.

The bursting of a boiler and the explosion of a boiler is one and the same thing, therefore that part of the warranty quoted, which refers to the bursting of a boiler, is immaterial. But the collapsing of a flue is not the explosion or the bursting of a boiler. The flue is inside of and forms a part of the boiler—if a flue boiler—but it is not the boiler proper, and may collapse and the boiler proper remain intact. But the collapsing of a flue is not the explosion of a flue.

Webster defines "collapse" thus: "To fall together suddenly, as the two sides of a hollow vessel; to close by falling or shrinking together; to shrink up; as, a tube in a steam boiler *collapses*." He defines "explosion" as follows: "The act of exploding, bursting with a loud noise, or detonating; a sudden inflaming with force and a loud report; as, the explosion of gunpowder; the shattering of a boiler by a sudden and immense pressure in distinction from rupture."

The Century Dictionary, a recent and valuable lexicon of the English language, defines "collapse" thus: "To fall together, or into an irregular mass or flattened form, through loss of firm connection or rigidity and support of the parts or loss of the contents, as a building through the falling in of its sides, or an inflated bladder from escape of the air contained in it." It defines "explosion" as follows: "A sudden bursting, or breaking up or in pieces, from an internal or other force; a blowing up or tearing apart: as, the explosion of a steam boiler."

From these definitions it will be seen that these words have almost an opposite meaning. When the parties have put a construction upon the language employed in the contract for themselves, the courts should not disregard the construction.

The difference between the "collapse" of a flue and the "explosion" of a boiler, is fully recognized in the policy. All parties agree that the bursting of a boiler and the explosion of a boiler are one and the same thing.

The quotation heretofore made from the warranties in the policy, and which is an important consideration in the determination of the questions involved, we will set out again: "By the bursting of boilers, by the collapsing of flues." With the comma between the word "boilers" and the word "by," which follows, the bursting of a boiler and the collapsing of a flue are named and recognized as independent and distinct things, as much so as is the explosion of gunpowder, which immediately follows, with a comma between,

independent and distinct from the collapsing of a flue. *Burns* v. *Singer Mfg. Co.*, 87 Ind. 541; *Weed, etc., Co.* v. *Winchel*, 107 Ind. 260; *Northwestern Mut. Life Ins. Co.* v. *Hazelett, supra; Penn Mut. Life Ins. Co.* v. *Wiler, supra; Boatman, etc., Ins. Co.* v. *Parker, supra; Commercial Ins. Co.* v. *Robinson*, 64 Ill. 265; *Rich* v. *Lord*, 18 Pick. 322; *Lyman* v. *Cheek*, 9 Mass. 235.

Putting the construction upon the policy which we have given to it, the court did not err in refusing to give to the jury the instructions asked for by the appellant; and while we are inclined to think that the evidence of experienced steamboatmen was competent as to whether or not the collapsing of a flue was the explosion of a boiler if the question was one about which there might be reasonable ground for controversy, we do not decide anything upon the subject of expert testimony, as the ruling of the court did not prejudice the appellant.

But the jury found that the fire which occasioned the loss did not occur from the explosion of a boiler or the collapsing of a flue.

Adopting the appellant's construction of the policy, and we are not prepared to say that the findings of the jury, in answer to the interrogatories propounded to them, as well as their general verdict, are not supported by evidence, and if so the construction given by the appellant to the policy, if adopted, would not reverse the case, in view of the well-settled rule of this court not to disturb the verdict of a jury when there is evidence to support it, though in the opinion of the court the preponderance of evidence is against the verdict.

Construing the policy as we do, the verdict of the jury is supported by abundant evidence, for if the fire emanated from any misfortune happening to the boiler, that misfortune was the collapse of a flue, and not the explosion of a boiler.

We do not think there is anything in the point that the

court treated the appellant unfairly during the course of the trial.

It was sufficient for the appellees to show the loss and the cause that occasioned it, and if the appellant claimed otherwise, and desired to bring the case within the special defences which it had pleaded, after the introduction of the evidence on its part the appellees were entitled to rebut, and to introduce affirmative evidence to meet the evidence introduced in support of the answers.

We may also say that the introduction of evidence even out of its order is a matter very largely in the discretion of the court, and in such a case before this court will interfere there must be an abuse of discretion shown.

We find no error in the record for which the judgment ought to be reversed.

Judgment affirmed, with costs.

Filed March 1, 1890.