## KANN v. BROOKS ET AL.

[No. 7,833. Filed April 16, 1913. Rehearing denied June 25, 1913. Transfer denied November 20, 1913.]

1. APPEAL.—*Judgment.—Evidence.*—The court on appeal will not disturb the judgment on the evidence where there is evidence tending to support the finding of the trial court. p. 627.
2. LANDLORD AND TENANT.—*Lease.—Construction.*—An unambiguous lease should be so interpreted as to carry into effect the intention of the parties expressed by the language employed. p. 628.
3. CONTRACTS.—*Construction.*—In construing a writing, the court will, if possible, give effect to all its parts, and its meaning will be determined from a consideration of all its provisions taken together as a whole. p. 628.
4. CONTRACTS.—*Construction.—Intent of Parties.*—Where a writing is ambiguous and the parties have themselves placed a construction upon it, the courts will favor such construction and will give great, if not controlling, influence to such interpretation in arriving at the true intention of the parties. pp. 628, 629.
5. LANDLORD AND TENANT.—*Lease.—Construction.*—A lease of a stone mill providing that the lessees shall use due care and at the termination of the lease surrender the possession of the premises and appurtenances in like good order and repair as the same now are, reasonable wear and tear excepted, and shall keep the premises and articles leased in good and sufficient repair at their expense, is not ambiguous, but it is apparent therefrom that the lessees should keep the property in sufficient repair for the intended use at their own expense and at the termination of the lease should surrender possession to the owner in as good condition of repair as the same was in when the lease was made, but they are not required to make good to the owner the loss

resulting from the depreciated value of the leased property due to the reasonable wear and tear of same during the term of the lease. p. 628.

6. WORDS AND PHRASES.—*"Reasonable Wear and Tear."*—The reasonable wear and tear of a stone mill and the machinery, tools and equipment belonging thereto, necessarily includes decay of timbers, the wearing out and giving way of various parts of the buildings, machinery, tools and other parts of the plant and its equipment. p. 629.

7. APPEAL.—*Review.*—*Evidence.*—*Construction of Lease.*—Where there was conflicting evidence as to the construction placed on a lease by the parties thereto the court's finding based on such evidence cannot be disturbed on appeal. p. 629.

8. LANDLORD AND TENANT.—*Obligation to Repair.*—*Stipulations in Lease.*—Where a lease contains a stipulation with reference to repairs, the writing will control, but an agreement to turn over the premises at the end of the term in as good condition as they were in, does not require the tenant to make good to the landlord depreciation due to such wear and tear of the premises as is incident to the use for which they were leased. p. 630.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by William L. Kann against Morton F. Brooks and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Lovett & Slaymaker* and *Rufus H. East,* for appellant.
*Brooks & Brooks* and *Miers & Corr,* for appellees.

FELT, P. J.—This is a suit by appellant against appellees to recover damages for an alleged breach of the covenants of a lease. Appellant has assigned as error the overruling of his motion for a new trial. The lease, which was for a stone mill, was executed on January 12, 1903, and by successive continuations was in force until March 31, 1908. The complaint avers breaches of the covenants to keep the property in good and sufficient repair. The covenants relied on are as. follows: "And the said Brooks-Curtis Stone Company hereby covenants and agrees * * * to use due care and at the termination of this lease surrender the possession of the said premises and appurtenances to the said William L. Kann in like good order and repair as the same

now are, reasonable wear and tear excepted, \* \* \* that they, the said Brooks-Curtis Stone Company will keep said premises and articles hereby leased in good and sufficient repair at their, the said Brooks-Curtis Stone Company expense." The complaint asks damages for the removal of a drafting room from the premises, two shafting belts, and other parts of the equipment; for the cost of a new roof put on the building by appellant after the termination of the lease; the cost of building a practically new tramway; the cost of repairing the engine and boiler and of repairing or replacing other tools and parts of the equipment connected with the mill. It is alleged that appellees wrongfully suffered and permitted the mill, buildings, tramway and other parts of the plant, tools and appliances to become out of repair and failed and neglected to make the necessary repairs thereto required by the lease. The case was tried by the court which made a general finding and rendered judgment in favor of the appellees.

It is the contention of appellees that they made all the repairs that were necessary, and required by the lease during the time of their tenancy and that they removed no property from the premises which belonged to appellant.

1. Upon many of the items there is a sharp conflict in the testimony, but there is ample evidence tending to support the finding of the trial court and under the well-recognized rules of this court, we will not disturb the judgment where, to do so, we are required to weigh the evidence.

The principal question in issue arises on the construction of the lease. Appellant contends that, under the lease, appellees were bound to keep the premises and the leased articles appurtenant thereto in good and sufficient repair, at their own expense, including the repairs made necessary by the natural wear, decay and use of the plant and premises during the term of the lease. Appellees contend that the lease only bound them to make such repairs as were

necessary to keep the premises, leased articles and equipment of the plant in as good a condition and repair as they were in at the beginning of the lease, reasonable wear and tear excepted. The appellant contends that the latter clause in the lease which requires appellees to pay for the repairs, is absolute and unconditional and binds appellees to make good all depreciation in the property regardless of the cause. Where a lease or other writing is unam-

2. biguous, it is the fundamental rule of construction that it shall be so interpreted as to carry into effect the intention of the parties expressed by the language employed. *Blythe* v. *Gibbons* (1894), 141 Ind. 332, 344, 35 N. E. 557. It is also a well-settled rule of construc-

3. tion that, in construing a written instrument, the court will, if possible, give effect to all its parts, and its meaning will be determined from a consideration of all its provisions taken together as a whole. Where it is possible to construe an instrument so as to give reasonable effect to all its provisions, it is the duty of the court to adopt that construction which gives such effect to all parts of the instrument, if it can be done without doing violence to the evident intention of the parties as expressed by the language of the whole instrument. *Indiana, etc., Oil Co.* v. *Grainger* (1904), 33 Ind. App. 559, 562, 70 N. E. 395; *Hornet* v. *Dumbeck* (1906), 39 Ind. App. 482, 491, 78 N. E. 691; *Warrum* v. *White* (1908), 171 Ind. 574, 577, 86 N. E. 959; *Irwin* v. *Kilburn* (1885), 104 Ind. 113, 3 N. E. 650.

4. If a writing is ambiguous and the parties have themselves placed a construction upon the instrument, the courts will favor the construction the parties have by their words or conduct placed upon the same.

In our opinion, the language of the lease relied on in this suit is not ambiguous. The instrument shows the subject-matter of the contract between the parties, the

5. use that was to be made of the leased property and definitely states the terms agreed upon. If the in-

strument is so construed as to give effect to all of its parts, we find that there is neither contradiction nor uncertainty in its provisions. When so interpreted, it is apparent that the parties intended that the lessees should keep the leased property in sufficient repair at their own cost and expense and upon the termination of the lease should surrender possession of the mill and all its appurtenances to the owner in as good a condition of repair as the same were in when the lease was made, reasonable wear and tear excepted. In other words, the lessees were to keep the premises ''in good and sufficient repair'' for the intended use, at their own cost and expense, but were not required to make good to the lessor the loss resulting from the depreciated value of the leased property occasioned by the reasonable wear and tear of the same during the term of the lease. The

6. reasonable wear and tear of a stone mill and the machinery, tools and equipment belonging thereto, would necessarily include decay of timber, the wearing out and giving way of various parts of the building, machinery, tools and other parts of the plant and its equipment. *Waddell* v. *DeJet* (1898), 76 Miss. 104, 23 South. 437.

If the language of a contract is at all uncertain or ambiguous, and the parties have by their acts and conduct given it a certain construction, the courts give great,

4. if not controlling, influence to such interpretation in arriving at the true intention of the parties. *Roush* v. *Roush* (1899), 154 Ind. 562, 564, 55 N. E. 1017; *Board etc.* v. *Gibson* (1901), 158 Ind. 471, 485, 63 N. E. 982; *Beck, etc., Co.* v. *Evansville Brewing Co.* (1900), 25 Ind. App. 662, 665, 58 N. E. 859; 9 Cyc. 588 *et seq.* If we view

7. the lease in question as coming under the rule last stated, the result would be the same under the facts of this case, for both appellant and appellees contend that the parties themselves have placed a construction on the lease, and at the trial offered some evidence tending to support their respective theories as to the meaning of the lease,

considered in the light of the language employed and the conduct and subsequent dealings of the parties. If the trial court viewed the language as ambiguous, and considered such testimony in construing the lease, the evidence being conflicting, we cannot disturb its conclusion as evidenced by the general finding and judgment. *Childers* v. *First Nat. Bank* (1896), 147 Ind. 430, 435, 46 N. E. 825; *Reissner* v. *Oxley* (1881), 80 Ind. 580, 584; 9 Cyc. 591.

8.     The parties having seen fit to stipulate in the lease with reference to repairs, the writing will control, but it has been held that an agreement to turn over premises at the end of the term in as good condition as they were then in, does not require the tenant to make good to the landlord depreciation due to such wear and tear of the premises as is incident to the use for which they were leased. *Jennings* v. *Bond* (1895), 14 Ind. App. 282, 288, 42 N. E. 957; 24 Cyc. 932, 1090; 18 Am. and Eng. Ency. Law (2d ed.) 250 (cc); *Green* v. *Kelly* (1845), 20 N. J. L. 544; 1 Taylor, Landlord and Tenant §§343, 358, 361.

Some questions relating to the admission and exclusion of evidence are suggested in the briefs. Many of the objections, if any, are not shown by the briefs. So far as presented, we find no error harmful to appellant. However, a careful reading of all the briefs shows that the whole controversy centers around the construction of the lease on the subject of repairs. As we construe the lease, the trial court was warranted in finding for appellees. There was evidence tending to show that the lessees expended an unusually large amount for repairs each year and that appellant after the term expired expressed himself as satisfied with the condition of the property. The evidence was conflicting but there is no failure of evidence to support the judgment. We find no available error in the record. Judgment affirmed.

NOTE.—Reported in 101 N. E. 513. See, also, under (1) 3 Cyc. 360; (2) 24 Cyc. 914; (3) 9 Cyc. 579, 580; (5) 24 Cyc. 1111; (6)

24 Cyc. 111d; 33 Cyc. 15⁶8: (8) 24 Cyc. 1085-1088. As to the tenant's duty to leave premises in good condition, see 64 L. R. A. 649. As to the construction of a "wear and tear" clause in a lease, see 13 Ann. Cas. 96.