AHLBORN ET AL. V. CITY OF HAMMOND.

[No. 28,989. Filed March 27, 1953.]

*William L. Travis, Palmer C. Singleton, Jr.* and *Dorsey, Travis & Tinkham* (of Counsel) all of Hammond, for appellants.

*Edwin H. Friedrich, Bernard A. Petrie* and *Stanley A. Tweedle,* all of Hammond, for appellees.

JASPER, J. This is an appeal from a judgment determining the right and power of appellee, City of Hammond, Indiana (plaintiff below), to issue additional waterworks revenue bonds in order to expand the purification and distribution facilities of the Department of Waterworks of the City of Hammond; and, further, determining the rights of the bondholders under bonds heretofore issued; and permanently enjoining appellants from interfering with the issuance of additional waterworks revenue bonds.

The complaint filed in the trial court was in four paragraphs. The first paragraph, in substance, alleges that, under the police power, appellee, City of Hammond, has the right to issue the additional bonds to protect the health, safety, and general welfare of its citizens. The second paragraph, in substance, alleges that the Department of Waterworks is a public trust, and because of its condition the trust will become unworkable unless the additional bonds are issued. The

third paragraph, in substance, alleges that appellant's under their bonds and certain ordinances, are entitled to be paid from twenty per cent. of the revenues received by appellees, and that the issuance of the additional bonds will not interfere with the rights of appellants to said twenty per cent. The fourth paragraph, in substance, alleges that appellee, City of Hammond, has the right to issue the additional bonds to be paid from eighty per cent. of the unpledged revenues.

Appellants filed an answer under our Rule 1-3, in which they allege that the issuance of the additional waterworks revenue bonds by appellee, City of Hammond, will be an impairment of their contract, in violation of Article 1, Section 10, of the Constitution of the United States, and Article 1, Section 24, of the Constitution of Indiana.

The trial court, holding that the issuance of the additional waterworks revenue bonds will not violate Article 1, Section 10, of the Constitution of the United States, or Article 1, Section 24, of the Constitution of Indiana, rendered judgment for appellees, allowing them to issue the additional waterworks revenue bonds, to be secured by revenues from the Waterworks, excepting the twenty per cent. of such revenues allocated to pay the principal and interest of the outstanding waterworks revenue bonds heretofore issued. Appellants were permanently enjoined from interfering with the issuance of additional waterworks revenue bonds by appellee, City of Hammond.

Appellants assign as error the overruling of their motion for new trial, in which motion it is asserted that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The outstanding waterworks revenue bonds were issued by appellee, Department of Waterworks, pur-

suant to Ordinance No. 2327, as amended by Ordinance No. 2335, and Ordinance No. 2318, as amended by Ordinance No. 2334. Ordinance No. 2327 provides, among other things, in Section 8 (e) :

"So long as any of the bonds are outstanding, the City shall not either directly or through its Board of Trustees of its Department of Waterworks, mortgage, pledge or otherwise encumber its waterworks system or any part thereof, or any revenues therefrom  *  *  *."

Ordinance No. 2318, as amended by Ordinance No. 2334, called for twenty per cent. of the revenues received by appellee, Department of Waterworks, to be set aside in a fund for the payment of the principal and interest of the bonds held by appellants. Appellants were to look solely to this fund for payment.

Appellants contend that the issuance of additional waterworks revenue bonds by appellee, City of Hammond, contravenes the provisions of Section 8 (e) of Ordinance No. 2327 and the same provision appearing in the waterworks revenue bonds held by appellants, and therefore the threatened issuance of the additional waterworks revenue bonds by appellee, City of Hammond, contravenes Article 1, Section 10, of the Constitution of the United States, and Article 1, Section 24, of the Constitution of Indiana.

The evidence reveals that appellants are the legal owners of certain waterworks revenue bonds issued by appellee, City of Hammond, on the 1st day of April, 1934, pursuant to Ordinance No. 2327, as amended by Ordinance No. 2335, passed and adopted on May 16, 1934; that appellant, William Ahlborn, was sued in his individual capacity and as class representative of all the owners and holders of the remaining outstanding and unpaid waterworks revenue bonds; that appellee, Department of Waterworks of ·

the City of Hammond, is a municipal corporation, created and established under and by virtue of Chapter 235 of the Acts of the General Assembly of the State of Indiana for the year 1933 (Acts 1933, page 1063), and maintains, owns, and operates a complete waterworks system by which it furnishes water to all residents and inhabitants of the City of Hammond and the Towns of Munster and Highland, in the State of Indiana, and the Village of Lansing, in the State of Illinois; that appellee, City of Hammond, has for many years, owned, maintained, and operated a waterworks system; that the water is pumped from Lake Michigan through its filtration plant; that it was necessary to construct a filtration plant in the year 1934; that in order to finance the filtration plant, and to make additions and extensions to the water system, appellee, City of Hammond, on March 7, 1934, authorized the issuance of waterworks revenue bonds in the principal sum of $700,000, with interest at the rate of four per cent. per annum. Said bonds with interest were to be retired at the rate of $20,000 per year, the first bonds being payable in 1935, and a like amount each year thereafter until 1955, in which year bonds in the principal sum of $60,000 would be due, and the further sum of $60,000 of bonds each year thereafter through and including 1959; that with the final payment of $60,000, in the year 1959, the entire bonded indebtedness of $700,000 would be paid. The principal and interest of the bonds were to be paid solely from twenty per cent. of the revenues received by appellee.

The evidence further shows, among other things, that the Waterworks Plant, today, is wholly inadequate, and that an emergency exists[1] for the improvement of and

1. Emergency not necessary to invoke police power. See *Veix* v. *Sixth Ward Assn.* (1940), 310 U. S. 32, 60 S. Ct. 792, 84 L. Ed. 1061.

an addition to the entire system; and that unless such addition and improvements are made the health, safety, and welfare of the citizens of the City of Hammond and the Towns of Munster and Highland, in the State of Indiana, and the Village of Lansing, in the State of Illinois, will be jeopardized.

The evidence further reveals that to make the necessary additions and improvements, approximately $2,000,000 to $3,000,000 would be needed, and that these funds are not available to appellee except through the issuance of additional waterworks revenue bonds. The bonds held by appellants contain no amortization feature and are not subject to being called prior to the due date. The additional waterworks revenue bonds to be issued are to be paid from the remaining eighty per cent. of the revenues received by appellee.

It appears that appellants have threatened to interfere with the issuance of such bonds by appellee, City of Hammond, unless enjoined.

There are four ordinances of the City of Hammond involved in the issuance of the bonds held by appellants. Ordinance No. 2327, as amended by Ordinance No. 2335, provides, in substance, for the issuance of the original $700,000 of waterworks revenue bonds and the terms and conditions of their issuance. Ordinance No. 2318, as amended by Ordinance No. 2334, provides, in substance, among other things, for setting aside in a separate fund twenty per cent. of all revenues of the Department of Waterworks, from which fund the bonds held by appellants are to be paid, and to which fund appellants must look for the payment of their bonds.

Appellants contend that the issuance of additional bonds by appellee, Department of Waterworks, contravenes Section 8(e) of Ordinance No. 2327.

It is well settled that words, phrases, sentences, paragraphs, and sections of a contract cannot be read alone. *Nat. Fire Proofing Co.* v. *Imperishable Silo Co.* (1916), 63 Ind. App. 183, 112 N. E. 403; *Straus* v. *Yeager* (1911), 48 Ind. App. 448, 93 N. E. 877. The entire contract must be read together and given meaning if possible. *Equitable Surety Co.* v. *Taylor* (1919), 71 Ind. App. 382, 121 N. E. 283; *Kann* v. *Brooks* (1913), 54 Ind. App. 625, 101 N. E. 513; 12 Am. Jur., Contracts, §241, p. 772. It is therefore necessary to give meaning to each of the four ordinances and the terms of the bonds, since the ordinances and the bonds make up the entire contract. The intention of the parties must be gathered from the entire contract. *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906; *The Louisville Underwriters* v. *Durland et al.* (1890), 123 Ind. 544, 24 N. E. 221. Each of the bonds held by appellants provides:

"The principal and interest of this bond and all other bonds of said issue are equally and ratably secured by and constitute a first charge upon twenty per cent (20%) of the gross income and revenues of the municipal waterworks system as the same now exists or may hereafter be improved and extended, which percentage of such income and revenues is to be deposited in a special fund to be known as the 'Bond and interest Redemption Account' which has heretofore been duly created by Ordinance No. 2318 adopted by the Common Council on January 2, 1934, as amended by Ordinance No. ——, adopted by the Common Council on ————, 1934. The City shall not be obligated to pay said bonds or the interest thereon except from said special fund, and neither this bond nor the issue of which it forms a part shall in any respect constitute a corporate indebtedness of said City within the provisions and limitations of the constitution of the State of Indiana."

In reading the four ordinances together, along with the other terms and conditions of the bonds, we find that Ordinance No. 2318 modifies Ordinance No. 2327, Section 8 (e) as amended, to the extent that "pledge or otherwise encumber . . . any revenues therefrom . . ." shall apply to only twenty per cent. of the gross revenues of the Department of Waterworks.

Appellants further contend that the issuance of additional waterworks revenue bonds by appellee, City of Hammond, will impair appellants' contract rights under Article 1, Section 10, of the Constitution of the United States, and Article 1, Section 24, of the Constitution of Indiana. The contract rights of appellants are not contravened unless appellee, City of Hammond, substantially changes the law embodied in appellants' contract so as to postpone, obstruct, or retard its enforcement, or lessen its value. If such change relates to the bonds' validity, construction, duration, or discharge, it would impair their obligation. *City of Indianapolis* v. *Robison* (1917), 186 Ind. 660, 663, 664, 117 N. E. 861, 862. In the last-cited case, this court said:

> "It is settled in this State . . . that: 'The law, under which the contract was executed, is to be and remain the only rule by which the contract shall be construed. The obligations shall not be increased, nor the rights diminished, by any act of future legislation.' (Citing cases.) . . .
>
> "In *Louisiana* v. *New Orleans* (1880), 102 U. S. 203, 206, 26 L. Ed. 132, it is said: 'The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced —— by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation.' "

We must therefore decide whether the rights or remedy[2] of appellants would be impaired by the issuance of the additional waterworks revenue bonds. The additional bonds to be issued are to be paid out of the proceeds remaining after twenty per cent. of all revenue is set aside for payment of appellants' bonds and sufficient funds to pay the operating costs of the waterworks system. Twenty per cent. of all revenues received by appellees must be set aside as well as the operating costs of the Waterworks Department. Appellants' right is to the twenty per cent. of all revenues. They have no rights in the remaining eighty per cent. of the revenue of the Department of Waterworks. As long as appellants' twenty per cent. of all revenue of the waterworks system is available to them, they are not harmed and their contract is not impaired. The issuance of additional bonds to be paid from a part of the remaining eighty percent, would not postpone, obstruct, or retard the enforcement, or impair the value, of the bonds held by appellants. *Board of Liquidation, etc.* v. *Louisiana* (1901), 179 U. S. 622, 21 S. Ct. 263, 45 L. Ed. 347.

Section 48-5321, Burns' 1950 Replacement, provides remedies for holders of bonds issued by city waterworks departments. Appellants readily admit that their remedies have not been, and will not be, interfered with by the issuance of additional bonds. The last-cited section provides, in substance, that in case of default in the payment of the principal or interest of any bond, the bondholders may, by suit, require the Board of Trustees of the Department of Waterworks to set a reasonable rate to be paid by con-

2. See *Richmond Corp.* v. *Wachovia Bank* (1937), 300 U. S. 124, 57 S. Ct. 338, 81 L. Ed. 552, in which the court held that if a remedy is adequate, even though limited by legislation, it does not impair the obligation of a contract. See, also, *Wright* v. *Vinton Branch* (1937), 300 U. S. 440, 57 S. Ct. 556, 81 L. Ed. 736.

sumers of water, sufficient and adequate "to meet all payments due or as they become due upon such bonds and the interest thereon, *or any other obligations* incurred in accordance with the provisions of this act." (Emphasis supplied.) The remedies afforded appellants have not been impaired. They are the same remedies available to appellants when the contract was entered into by the parties. They have been neither enlarged nor diminished. Appellants' constitutional rights under Article 1, Section 10, of the Constitution of the United States, or under Article 1, Section 24, of the Constitution of Indiana, will not be contravened.

Appellants further assert that §§48-5301, 48-5315, and 48-5323, Burns' 1950 Replacement, limit the power of a city to issue additional bonds. After carefully reading these sections and the entire act, we can find nothing therein that would prohibit the issuance of waterworks revenue bonds while some of the issue of bonds under Ordinance No. 2327, as amended, are outstanding.

Section 48-5315, Burns' 1950 Replacement, provides for the setting up of a "depreciation fund" to be used solely for depreciation, new construction, extensions, betterments, or additions to the waterworks. It does not require all new construction, extensions, betterments, or additions to be paid for solely from this fund. Nor is there anything in this section that would restrict the Department of Waterworks to only one outstanding issue of bonds. This section does limit the use to which the monies coming into the depreciation fund can be used.

Section 48-5305, Burns' 1950 Replacement, authorizes the issuance and sale of bonds for the construction, alteration, and building of a waterworks system, parts thereof, additions, extensions, and betterments thereto.

Section 48-5313, Burns' 1950 Replacement, provides for the payment of all liabilities, including the principal and interest of the bonds authorized under the act.

Section 48-5319, Burns' 1950 Replacement, provides in part, that "the board of trustees of said water department shall be and they are hereby authorized to issue and sell bonds from time to time. . . ."

It is apparent from the reading of the entire act that the Legislature has not undertaken to limit appellees to only one bond issue in effect at any given time.

Appellees assert that, under the police power, they have the right to issue additional bonds in order to protect the health, safety, and welfare of the citizens and the communities served regardless of all else. There is merit to their assertion. See *Storen, State Treas.* v. *Sexton, Marion Co. Treas.* (1936), 209 Ind. 589, 200 N. E. 251; *Finerty, Auditor* v. *State ex rel. School City of Gary* (1938), 213 Ind. 470, 12 N. E. 2d 941; *Home Bldg. & L. Assn.* v. *Blaisdell* (1934), 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed 413; *Indiana ex rel. Anderson* v. *Brand* (1938), 303 U. S. 95, 58 S. Ct. 443, 82 L. Ed. 685; and *East New York Bank* v. *Hahn* (1945), 326 U. S. 230, 66 S. Ct. 69, 90 L. Ed. 34. However, we need not decide that issue.

There is substantial evidence of probative value to sustain the decision of the trial court. The decision is not contrary to law.

After considering all of appellants' contentions, we find no error.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 70.