HOOSIER FENCE CO., INC. *v.* COHEN ET AL.

[No. 19,867. Filed September 8, 1965.]

*While Judge Martin participated in the hearing of the oral argument and conference of the judges above named, he did not participate in the adoption of this final opinion.

*Palmer K. Ward,* of Indianapolis, for appellant.

*Alfred Fischer,* of Indianapolis, for appellees.

WICKENS, J.—Appellees on their complaint below recovered a judgment for breach of alleged warranty in the sale of a fence.

Appellant's brief quotes the assignment of errors as based upon alleged error in overruling its motion for new trial and alleged error in overruling its motion for judgment at conclusion of the plaintiffs' case. The motion for new trial is not set out in appellant's brief. The argument section of that brief does not contain any specification of assigned errors and, in fact, makes no mention of the assignment of errors or of the motions mentioned.

Appellees assert that no question is presented for decision by this court, alleging that the foregoing failure violates our Supreme Court Rule 2-17(e).

This court would prefer to pass upon the merits of all contentions. However, the Supreme Court ■ Rules are for the benefit of all and are binding on courts as well as litigants.

The purpose of a motion for new trial is to advise the trial judge wherein it is believed he erred. ■ *Southport Bd. of Zoning App.* v. *Southside etc.* (1961), 242 Ind. 133, 136, 137, 176 N. E., 2d 112.

Our Supreme Court Rules and good practice dictate that this motion be a specific attack upon the proce-

dure leading up to judgment; it should be advisory, informative and must be properly set forth in the brief. Unless these requirements are met this court does not know if the trial court had proper opportunity to review its own action.

We hold that there was not a good faith effort on the part of appellant to comply with Rule 2-17(e), *supra*, because of the failure of its brief to contain a copy of the motion for new trial, because it contains no recital of the substance thereof and because it fails to ". . . contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. . . ."

When a motion for new trial is not included in appellant's brief, either verbatim or the substance thereof, no question concerning such motion can be considered on appeal. *Coleman, Ransom* v. *State* (1961), 241 Ind. 663, 664, 175 N. E. 2d 25; *Hinshaw* v. *Hilderbrand* (1963), 135 Ind. App. 157, 192 N. E. 2d 767, 768; *Lincoln Twp., etc.* v. *Ancilla Domini Strs. etc.* (1958), 129 Ind. App. 539, 541, 154 N. E. 2d 420, (Transfer denied).

It should be noted that this deficiency was pointed out by appellees and no effort was made thereafter by appellant to comply with the rule.

The judgment is affirmed for the reason that no question is presented by appellant's brief.

Prime, P. J., Carson and Faulconer, JJ., concur.

Note.—Reported in 210 N. E. 2d 54.