GENERAL INSURANCE CO. OF AMERICA *v.* HUTCHISON

[No. 20,726. Filed August 21, 1968. Rehearing denied October 9, 1968. Transfer denied December 24, 1968.]

H. *William Irwin, Richard L. Fairchild* and *Stewart, Irwin, Gilliom, Fuller & Meyer,* all of Indianapolis, for appellant.

*Tony Foster, Johnathan L. Birge* and *Bingham, Summers, Welsh and Spilman,* all of Indianapolis, for appellees.

COOPER, J.—This appeal is from a judgment rendered by the Marion Superior Court, Room 1, for the appellee, the plaintiff below, and against the appellant in the amount of $8,207.25.

It appears from the issues framed by the complaint and answer that the appellee carried a personal floater insurance policy with the appellant. Such policy, among other things, insured the appellee's scheduled and unscheduled coin collection against theft. During the policy period, part of the appellee's coin collection was stolen.

Appellee filed due notice and proof of loss with the appellant and demanded full payment of his partial loss. Appellant refused to pay the full amount demanded and thereafter the appellee filed the cause of action herein for breach of contract.

Trial was had to the court without the intervention of a jury and thereafter judgment was entered for the plaintiff. Said judgment reads in part as follows:

> "Come again plaintiff, by counsel, and defendant, by counsel, having filed herein their briefs, and the Court, being duly advised in the premises now finds that the allegations of plaintiff's complaint are true and that the plaintiff should recover from the defendant the sum of $8,207.25, together with his costs herein.
>
> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff recover of and from the defendant the sum of $8,207.25, together with costs herein taxed at $————."

After judgment, the appellant filed a motion for a new trial and the same was overruled by the trial court. Appellant's sole assignment of error is the overruling of its motion for a new trial.

Appellant sets out in the argument portion of its brief the following:

"CAUSES FOR NEW TRIAL

"Appellant's sole assignment of error is the trial Court's overruling of Appellant's motion for new trial (Tr. p. 1). Appellant's motion for new trial appears in the transcript at pages 45-53."

The appellant sets out individually, the separate assigned errors in its motion for new trial with the argument and cited authorities applicable to each assignment. Nowhere in the appellant's brief has the motion for new trial been set out either in substance or in its entirety. This Court in the case of *Hoosier Fence Co. v. Cohen* (1965), 137 Ind. App. 468, 210 N. E. 2d 54, stated:

"When a motion for new trial is not included in appellant's brief, either verbatim or the substance thereof, no question concerning such motion can be considered on appeal." (Authorities omitted). Also see *Coleman, Ransom v. State of Ind.* (1961), 241 Ind. 663, 664, 175 N. E. 2d 25; *State ex rel Penrod v. French, Sheriff, et al.,* (1943), 222 Ind. 145, 51 N. E. 2d 858; *Board of Med. Regist. and Exam. of Ind., v. Bowman* (1958), 238 Ind. 532, 150 N. E. 2d 883; *Snow v. State of Ind.* (1955), 234 Ind. 234, 125 N. E. 2d 802; *Bennett v. State of Ind.* (1961), 242 Ind. 297, 177 N. E. 2d 454; *Michaels v. Johnson* (1967), 140 Ind. App. 389, 223 N. E. 2d 585.

The reason for the above stated rule is simple; at least four judges on this Court participate in the decisions handed down by this Court. Only one record is available on appeal. Therefore, it is necessary to have the motion for a new trial or the substance thereof set out in the appellant's brief in order that all the participating judges may know of the errors claimed by the appellant in the motion for a new trial as submitted to the trial court.

We are of the opinion that the revision of Supreme Court Rule 2-17 does not change the necessity of setting out the motion for a new trial verbatim or the substance thereof in the appellant's brief.

We also note that the Appellant has failed to index its original brief as required by Rule 2-17 (i) of the Rules of the Supreme Court.

This Court, as well as our Supreme Court, indulges a liberal attitude in passing upon the sufficiency of the briefs under the Rules of our Supreme Court in order that we may decide all appeals upon their merits insofar as it is possible to do so. *Deckard, by her next friend, v. Adams* (1965), 246 Ind. 123, 125, 203 N. E. 2d 303. However, we are of the opinion that it is not the intention of the Supreme Court to relax the application of its rules which it has stated many times have the force and effect of law, to the point of requiring us to search the record in reviewing a case before us in order to reverse a judgment.

This brings us to another fatal point in the appellant's brief. It appears from the record, that the plaintiff's cause of action was based upon a loss covered by a Personal Floater or Inland Marine insurance policy. The record also reveals that said insurance contract and endorsements thereto consisted of five pages of terms, clauses, descriptions and conditions. However, the appellant has set out only one clause of the entire contract in its brief. We are of the opinion that this is not sufficient under the Supreme Court rules applicable to appellant's briefs. Because the appellant has set out only one clause of the contract of insurance in its brief, we are unable to construe the entire contract. It is the general rule of law in our State that words, phrases, sentences, paragraphs and *sections* of a contract cannot be read alone. *Nat. Fire Proofing Co. v. Imperishable Silo Co.* (1916), 63 Ind. App. 183, 112 N. E. 403; *Straus v. Yeager* (1911), 48 Ind. App. 448, 93 N. E. 877. The entire contract must be read together and given meaning if possible. *Equitable Surety Co. v. Taylor, et al.* (1918), 71 Ind. App. 382, 121 N. E. 283; *Kann v. Brooks, et al.* (1913), 54 Ind. App. 625, 101 N. E. 513; 17 Am. Jur. 2nd, *Contracts,* Sec. 258, p. 658, The intention of the parties, their

rights and their liabilities, must be gathered from the four corners, or in other words, the entire contract. *Ohio Oil Co. et al., v. Detamore* (1905), 165 Ind. 243, 73 N. E. 906; *The Louisville Underwriters v. Durland, et al.* (1890), 123 Ind. 544, 24 N. E. 221; *Ahlborn et al. v. City of Hammond* (1952), 232 Ind. 12, 19, 111 N. E. 2d 70.

Because of the above mentioned defects and omissions in the appellant's brief, we would be required not only to search the record but also to ignore the applicable rules of our Supreme Court to determine whether the trial court had committed error in denying appellant's motion for a new trial and to thoroughly consider and determine the issues sought to be raised by the appellant on appeal.

Our Supreme Court, and this Court, by numerous decisions have held that the Appellate Court on appeal will not search the record to reverse a judgment of a trial court.

In light of what we have hereinabove stated, and also considering the general rule of law that a case comes to us clothed in the presumption that the correct result was reached in the trial court, and the burden is upon the appellant to overthrow that presumption, as announced by the Supreme Court in the case of *Souerdike v. State of Ind.* (1952), 231 Ind. 204, 206, 108 N. E. 2d 136, we must affirm the judgment of the trial court.

Judgment affirmed.

Carson, C.J., Prime, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 239 N. E. 2d 596.