Jerry W. MOORE, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4–182A4.

Court of Appeals of Indiana, Fourth District.

Oct. 25, 1982.

Rehearing Denied Nov. 18, 1982.

Douglas R. Denmure, Aurora, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Appellant-defendant Jerry W. Moore (Moore) pled guilty to driving an overweight truck in Dearborn County Court, traffic division. He was fined $6,942 and costs and the truck was impounded. He appeals that judgment.

Appeal dismissed.

ISSUES

We dismiss this appeal because Moore's brief fails to state the issues upon which he relies.

## FACTS

Moore was charged with operating an over-weight truck weighing 88,100 pounds when the maximum weight permitted by statute was 73,280 pounds. He appeared in the Dearborn County Court, traffic division and entered a plea of guilty after the court explained to Moore his constitutional rights, the nature of the charge, the maximum penalties involved and the consequences of a guilty plea. After the plea was entered, the court fined the owner of the truck $6,942 plus costs and the truck was impounded.

Moore filed a motion to withdraw his guilty plea. Later, the court amended its judgment and entered the fine and costs against Moore. Andy-K Trucking Company, Moore's employer, then filed its motion to intervene. Thereafter, the trial court overruled Moore's motion to correct errors and made the trucking company jointly liable with Moore for the fine and costs assessed.

## DISCUSSION AND DECISION

Moore's motion to correct errors contains thirteen separate specifications of error. His brief states in the section designated Statement of Issues Presented for Review the following:

The issues presented for review are those raised in appellant's (defendant's) motion to correct errors and the ultimate issue presented for review is whether the county court erred in overruling the motion to correct errors.

The State's brief attempted to clarify the issues by stating them as follows:

Was Appellant's guilty plea knowingly and intelligently made?

Moore, however, disagreed with the State's attempt to define the issues on appeal for him. His reply brief opens with the following assertion:

Appellant is in disagreement with Appellee's version concerning the Statement of the Issues in this case. Contrary to Appellee's assertion, the issue as to whether Appellant's guilty plea was knowingly and intelligently made, is not the sole issue in this case but one of several issues included under Appellant's motion to correct errors. The real issue is whether the Court erred in overruling Appellant's motion to correct errors.

Upon this state of briefing, we do not know what issues Moore attempts to assert in this appeal. Even the argument portions of his briefs contain no subdivisions to give us any clue as to which issues in the motion to correct errors he relies upon and those which he waives. We will not sort out those issues for him.

Ind.Rules of Procedure, Appellate Rule 8.3(A)(3) requires a statement of the issues presented for review in an appellant's brief.

Indiana Law Encyclopedia presents this subject matter cogently, saying in its black letter paragraphs

It is the duty of attorneys to prepare their briefs in accordance with the court rules. The strictness of requirements as to the preparation of briefs has been somewhat relaxed, but this is only in cases where the court can clearly understand from the briefs the questions sought to be presented.

The court rule relating to matters to be contained in the appellant's brief must be substantially preserved in order to present any question, and briefs must be prepared so that *all questions of error can be determined by the court* from an examination of the brief *without examining the record,* (Emphasis supplied.)

Ind.Law Encyc. *Appeals* ¶ 382, 383, *General Ins. Co. of America v. Hutchison,* (1968) 143 Ind.App. 250, 239 N.E.2d 596; *Michaels v. Johnson,* (1967) 140 Ind.App. 389; 223 N.E.2d 585; *Israel v. Logansport Aerie No. 323, F.O.E.,* (1964) 136 Ind.App. 254, 199 N.E.2d 730; *Rosen v. Alexander,* (1951) 121 Ind.App. 239, 98 N.E.2d 223.

While we prefer to decide appeals on the merits, the sheer volume of appeals processed by this Court requires each one be presented so as to substantially comply with the appellate rules. Compliance aids in the orderly and prompt disposition thereof. Nothing is more important in an appeal than a concise statement of the issues upon

which an appellant relies, especially in face of a motion to correct errors containing many separately assigned errors. A statement of the issues which refers the Court to the issues stated in the motion to correct errors in the record does not constitute a good faith effort to comply with the rules. We must be able to discern the issues upon which an appellant relies from his brief without reference to the record. We cannot do so here.

This appeal is dismissed.

YOUNG, P.J., and MILLER, J., concur.